JOSIAH F. STEARNS v. MERRITT M. HOUGHTON.

*Promissory Note. Trover. Partnership.*

A surviving partner may recover in trover of the administrator of a deceased partner for notes due the partnership, which were in the possession of the deceased partner at his death, and which passed into the hands of the defendant as administrator of the deceased partner, although the latter had agreed with the maker that whatever he owed the maker might be applied on said notes.

Stearns *v.* Houghton.

A surviving partner is not bound by an agreement of a deceased partner to apply the company effects in payment of his individual debt, but which was not carried out before his decease.

No claim could properly be made by a surviving partner against the estate of his deceased partner, growing out of such notes.

When the plaintiff demanded the notes of the defendant, the latter declined to deliver them, saying he held them as administrator of the estate of the deceased partner. *Held*, that the refusal was absolute.

THIS was an action of trover for two certain promissory notes signed by one Michael Sanford, and was, by the agreement of the parties, referred. At the December Term, 1865, the referee made and filed his report in the said action, and the defendant filed certain exceptions to the report. The facts found by the referee are stated in the opinion of the court. On the hearing on the report and exceptions, at said Term, KELLOGG, J. presiding, judgment was rendered, *pro forma*, in favor of the defendant. To the said judgment the plaintiff excepted.

*Charles N. Davenport*, for the plaintiff.

These notes being partnership property, rested exclusively in the survivor. Story on Part. § § 325, 329, 344, 346; Collyer on Part. 63 note 1, 130 note 1, 191 note 1; The surviving partner, and he only, can maintain an action to reduce to possession the partnership choses in action. *Peters* v. *Davis*, 7 Mass. 257; *Meader* v. *Scott*, 4 Vt. 26; *Wallace* v. *Fitzsimmon*, 1 Dal. 248; see, also, *Meader* v. *Leslie*, 2 Vt. 569.

The plaintiff's remedy is not lost by reason of his neglecting to present his claim to the commissioners upon Goodell's estate for their adjudication. If the plaintiff claimed to recover for any conversion in the lifetime of Goodell, there would be force in the objection, and the provisions of § § 14 and 15 of ch. 53, Gen. Stat. would be applicable. But it is for no act of Goodell's that the plaintiff seeks to recover, but the tortuous act of the defendant in converting to his own use choses in action to which he was entitled as surviving partner of Goodell.

The referee has found a conversion of the notes by the defendant. Conversion is a fact. If the evidence *tended* to show a conversion, the finding of the referee is conclusive. There is not a single text book where it is not asserted "that a demand and refusal is evi-

Stearns *v.* Houghton.

dence of a conversion." 3 Black. Com. 153; Buller's N. P. 54; Espinasse's N. P. 589; 2 Green. Ev., § 644; 2 Phillips Ev. 225, 226; Sedgwick on Dam. 488. And when in connection with demand and refusal it is shown that the defendant, at the time of the demand had it in his power to give up the goods, the jury are ordinarily instructed to find a conversion. 2 Green. Ev., § 644; *Irish* v. *Cloyes et al.*, 8 Vt. 30; *Rice* v. *Clark*, 8 Vt. 109; *Yale* v. *Saunders*, 16 Vt. 243; *Robbins* v. *Packard*, 31 Vt. 570;

*T. Sibley* and —— *Streeter*, for the defendant.

The notes described in the referee's report were not the choses in action of the firm of Goodell & Stearns, if any such firm ever existed. The property was billed and sold as the property of Luther D. Goodell, and the notes were made payable to Luther D. Goodell, or bearer, and the referee finds this was so done with the full knowledge and assent of said Stearns. The defendant therefore claims and insists that, although the plaintiff had a joint interest in the property sold, which was the consideration of the notes, he by his own acts and agreement has made these notes the choses in action of Luther D. Goodell, giving him full power and authority to collect and dispose of the same in his lifetime and his administrator after his decease; that said Stearns had no property in said notes, and his joint interest in the consideration of the same became a matter of future accounting between them on the settlement of their joint business. The said Goodell becoming the debtor of said Stearns to the amount of Stearns' interests in the property sold, all the rights of survivorship which might have attached had the notes been made payable to Goodell & Stearns, were waived by said Stearns, and he had no interest in said notes to support the same.

Stearns should have presented his entire account including his interest in the consideration of said notes to the commissioners on Goodell's estate. Gen. Stat. 393, § 25; 391, § 12; 401, § 14–15; 402, § 16; *Witt* v. *Marsh*, 14 Vt. 303.

There was no actual conversion by this defendant. 3 Stephens' N. P. 2689; *Solomon* v. *Daws*, 1 Esp. 81; *Green* v. *Dunn*, 3 Camp. 215; Phillips' Ev. Vol. 2, 226; *Wilbraham* v. *Snow*, 2 Sand. 47.

37

The opinion of the court was delivered by

PIERPOINT, Ch. J.   This is an action of trover brought to recover the value of two notes executed by one Michael Sanford.

From the facts reported by the referee it appears, that prior to the 15th day of April, 1858, the plaintiff and one Goodell were copartners in the business of running a line of stages; that on the said 15th of April they sold out their line, with a part of the property they had used in the business to said Sanford, and that the notes sued for in this action, were a part of the consideration given by said Sanford for such property; that notwithstanding these notes were taken, payable to Goodell or bearer, they were the joint property of the plaintiff and said Goodell, as such copartners; that their copartnership business, and accounts, were never settled between themselves, or the copartnership dissolved, until it was dissolved by the death of said Goodell.   When Goodell died these notes were in his possession, and afterwards went into the possession of the defendant as his administrator.   Subsequently the plaintiff demanded the notes of the defendant who refused to deliver them to him, claiming the right to hold them for the benefit of Goodell's estate.

It is an elementary principle that on the death of one copartner the right to the possession and control of the partnership effects, vests in the survivor.   He takes them, subject to the right and duty of settling and closing up the copartnership affairs.   He alone has the right of disposing of the property, and of collecting and paying the debts.   All actions to enforce the claims of the company must be brought in his name as survivor.   The right of the survivor to the copartnership effects, does not in any respect depend upon the question whether or not, upon a settlement of the business, there will be funds in his hands belonging to the estate of the deceased copartner.   If the company is solvent there necessarily will be.

If the representative of the deceased partner has reason to fear that the copartnership funds will be misapplied or squandered, the aid of the court of chancery may be invoked to prevent such a result, but a court of law has no power to interfere in that respect.

It is insisted that the plaintiff ought not to recover, because the said Goodell had agreed that whatever he owed to said Sanford

might be applied upon said notes. What might have been the effect if the application had actually been made in Goodell's lifetime, it is not necessary now to determine. It was an agreement to apply the company effects in payment of his individual debt, but not having been carried out by Goodell, it is quite clear that the survivor is not bound by the arrangement.

Neither is the right of the plaintiff prejudiced by his saying to Sanford that whatever he had paid to Goodell, ought to go in payment of their notes, as this remark was evidently made in reference to those payments that Sanford had made to Goodell, and which were applied by the referee upon the notes.

The fact that the plaintiff presented a claim before the commissioners upon Goodell's estate, can have no effect upon his right to recover in this suit. The claim as the referee finds had no connection with these notes, no claim could properly have been made against the estate of Goodell, growing out of these notes. They were rightfully in his possession at the time of his death as one of the copartners. They were the evidences of a debt against Sanford, and as such the plaintiff became entitled to them upon the death of Goodell, and his right to recover their value of the defendant results from his refusal to deliver them to the plaintiff when he demanded them after Goodell's death.

It is said that the refusal of the defendant to deliver the notes upon the plaintiff's demand, was so qualified that it did not amount to evidence of a conversion. We think the refusal was not only an absolute one but it was accompanied by the assertion of an absolute right to hold the property as against the defendant at all events. This instead of qualifying the refusal, rather intensifies it, and it is to settle the right so asserted that this action is brought.

Upon examining carefully the report of the referee, we are unable to find therein any sufficient reason why the plaintiff is not entitled to recover.

The *pro forma* judgment of the county court is reversed, and judgment rendered for the plaintiff for the amount reported by the referee with interest thereon and his cost.