## BOHLER, HUSE & Co. *v.* TAPPAN.

*(District Court, E. D. Arkansas. —— 1880.*

PARTNERSHIP—SOLE SURVIVING PARTNER—PLEDGE OF PERSONAL PROPERTY FOR PARTNERSHIP DEBT.—A sole surviving partner may transfer the choses in action and other personal effects of the partnership, by way of pledge or mortgage, to secure a partnership debt, and when such transfer is made in good faith it is effectual against all the other creditors, as well as the representatives of the deceased partner.

Burnett & Turner were partners in the business of keeping a wharf-boat at Helena. The firm owned a wharf-boat, which was purchased and used for partnership purposes, and was partnership property. This wharf-boat was purchased from Johnson, partially or wholly upon credit. Burnett, one of the partners, died before the wharf-boat was paid for, and after his death, and on the twenty-fifth day of April, 1879, Turner, as surviving member of the firm of Burnett & Turner, transferred the wharf-boat, by deed of trust in the nature of a mortgage, to Tappan, to secure the payment to Johnson of the balance of the purchase money. The deed of trust was duly acknowledged and recorded on the twenty-fifth of April, 1879.

On the twelfth of March, 1879, Bohler, Huse & Co. recovered a judgment against Burnett & Turner, in the United States district court, at Helena, for $1,399.78, and costs. On the twenty-sixth day of April execution was issued on this judgment, and on the thirtieth day of the same month the writ came to the hands of the marshal, and was levied on this same wharf-boat. By agreement the boat was sold, and the proceeds paid into the registry until it should be determined whether the plaintiffs in the execution, or the beneficiary under the deed of trust, was entitled thereto.

*Thwealt & Quarles*, for plaintiffs.

*Tappan & Horner*, for defendant.

CALDWELL, J. The precise question in this case, on the agreed facts, is whether a sole surviving partner can make a valid transfer by deed of trust in the nature of a mortgage of personal property, belonging to the partnership, to secure the payment of a partnership debt.

During the continuance of a partnership one partner may transfer personal property by way of mortgage as security for a partnership debt. *Milton* v. *Mosher*, 7 Met. 244; *Patch* v. *Wheatland*, 8 Allen, 102; *Anderson* v. *Tompkins*, 1 Brock. (Marshall's Decs.) 456; *Harrison* v. *Sterry*, 5 Cranch, 289.

On the dissolution of partnership by the death of one copartner, the right to the possession and control of the partnership effects vests in the survivor, for the purpose of settling up the

partnership affairs. He has the legal title to the assets, and the exclusive right of disposing of the property, and of collecting and paying the partnership debts. *Stearns* v. *Houghton,* 38 Vt. 583; *Roys* v. *Vilas,* 18 Wis. 179; *Pinckney* v. *Wallace,* 1 Ab. Pr. 82; *Barry* v. *Briggs,* 22 Mich. 201.

And the right and power of the sole surviving partner to dispose of the partnership effects, in settlement of the partnership business, is not limited to the right to make an absolute sale of the same, but he may transfer the choses in action and other personal property, by way of pledge or mortgage, to secure a partnership debt; and, when such transfer is made in good faith, it is effectual against all other creditors, as well as the representatives of the deceased partner. *Lorillard* v. *Lorillard,* 4 Abb. Pr. (N. Y.) 210; *Hitchcock* v. *St. John,* 1 Hoff. Ch. 511; *Wilson* v. *Soper,* 13 B. Mon. 411.

No fraud is charged or proven. The case turns on the question of the power of a sole surviving partner, acting in good faith, to secure a partnership debt by giving a mortgage or other lien on personal property. His right to do so is not open to serious question.

The lien of the deed of trust is prior in point of time, and therefore paramount to the lien of the execution; and the money arising from the sale of the wharf-boat must be paid to the beneficiary under the deed of trust.