## PELLEY V. WALKER.

1. **Vendor and Vendee:** RESALE UPON AGREEMENT TO ACCOUNT: RESCISSION. Where plaintiff conveyed land to the defendant to secure a debt, and it was afterwards agreed that the latter should sell the land and, after paying the debt and another lien, should account to plaintiff for the balance of the proceeds, and plaintiff ratified a sale so made by surrendering possession of the premises to defendant's vendee, *held* that plaintiff's right to recover the balance of the proceeds could not be defeated by a rescission of the sale by defendant and his vendee, without plaintiff's consent.

2. **Contracts:** NEW ONE ANNULLING THE ORIGINAL : CONSIDERATION: PLEADING AND PROOF. Where, in an action upon a contract, defendant answered that the one sued on was annulled by a new one subsequently made and based upon another consideration, the court properly instructed that defendant had the burden to prove, not only the new contract as alleged, but that it was sustained by some new consideration moving to plaintiff. Although, in this case, the consideration for the original agreement may have been sufficient to sustain the second one, the instruction was justified by defendant's theory of his defense, as stated in his answer.

3. **Damages:** CONVERSION OF COMMERCIAL PAPER : EVIDENCE. Commercial paper is presumptively worth its face, but in an action for its wrongful conversion its real value may be shown, as by proof of the insolvency of the maker. (See *Callanan v. Brown*, 31 Iowa, 341, and *Latham v. Brown*, 16 Iowa, 120.) In this case, where the face value of the notes converted by defendant was twenty-four hundred dollars, and he testified that he considered them worth seventeen hundred or eighteen hundred dollars, but their market value was not shown, and it did not appear that the mortgage security was inadequate, nor that the maker was insolvent, *held* that a finding by the jury that they were worth their face could not be disturbed on appeal.

4. **Appeal:** EXCESSIVE JUDGMENT: REMITTITUR: COSTS. In this case the judgment in favor of plaintiff, and from which defendant appealed, is found, by a calculation from the *data*, to be excessive; but, plaintiff having offered to remit the excess, the judgment is modified accordingly and affirmed, but at plaintiff's costs.

*Appeal from Clay District Court.*—HON. GEORGE H. CARR, Judge.

FILED, JANUARY 28, 1890.

ACTION to recover an amount alleged to be due on account of the sale of real estate. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Soper & Allen,* for appellant.

*Parker & Richardson,* for appellee.

ROBINSON, J.—In April, 1886, plaintiff was the owner of one hundred and sixty acres of land in Clay county. The tract was incumbered by a mortgage in favor of the Central Loan and Trust Company of Des Moines for the sum of eight hundred and fifty dollars, and by another, in favor of defendant, for the sum of $446.54. Plaintiff was also owing defendant the further sum of $194.10, and, on the seventeenth day of the month named, to secure the payment of the last two sums specified, the plaintiff and his wife executed and delivered to defendant an instrument, in the form of a warranty deed, conveying the tract of land aforesaid, subject to the mortgage for eight hundred and fifty dollars. A lease of the premises was also executed by defendant to plaintiff. The plaintiff claims that in the month of July, 1886, he made an agreement with defendant by virtue of which the latter was to sell the premises to any one he might elect; that plaintiff was to have all for which such premises might be sold in excess of the indebtedness aforesaid, up to the sum of two thousand dollars, and one-half of all for which it should sell in excess of two thousand dollars; that on the twentieth day of January, 1887, defendant sold the premises to one Cross for the sum of twenty-four hundred dollars, but has failed to pay over any part of the proceeds of the sale. He therefore demands judgment for seven hundred dollars, with interest from date of sale. The defendant admits the sale to Cross for the amount stated, but claims that no money was received

from the purchaser, but his notes, secured by a mortgage on the land only, and that the sale was made under a verbal agreement with plaintiff, by the terms of which plaintiff was to put the notes received on the sale on the market, and out of the proceeds thereof pay the eight hundred and fifty-dollar mortgage, and secure defendant the amount due him; and the surplus cash was to belong to plaintiff, after allowing defendant a reasonable commission for effecting the sale. The defendant further claims that after the sale to Cross was effected plaintiff refused to carry out his part of the agreement, but demanded money instead of the notes; that thereupon, by agreement between defendant and Cross, the sale was rescinded, and the deed was returned to defendant, and the notes and mortgages of Cross were returned to him. Defendant demands judgment, by way of counterclaim, for the amount due on his two notes, and for the amount of a judgment assigned to him which was rendered against plaintiff, and was a lien against the land in question. The amount of the verdict and judgment against defendant was $711.16, besides costs.

I. Appellant contends that he was not the owner of the premises, but was, in contemplation of the law, a mortgagee; that by his conveyance to Cross he transferred his interest as mortgagee only, for that plaintiff was at the time in possession of the premises, and Cross was chargeable with notice of his rights; that therefore defendant and Cross were authorized to rescind the sale; and that plaintiff, having lost no rights, should not be heard to complain. But there was evidence from which the jury might have found that the sale was ratified by plaintiff. He surrendered possession of the premises to Cross after being informed of the sale; and the evidence tends to show that he did so before the sale was rescinded. That being true, he could not be affected by the agreement of defendant and Cross to rescind, without his consent, but had a right to insist upon having the fruits of the sale, according to the terms of his agreement with

1. VENDOR and vendee: resale upon agreement to account: rescission.

defendant. Therefore the court did not err in not instructing the jury to return a verdict for defendant.

II. It seems to be conceded, in effect, that plaintiff gave to defendant authority in writing to sell the land in question, although the writing was not produced on the trial. Plaintiff claims that this writing was given about the first day of July, 1886, and that it represented the only agreement for the sale of the premises which he had with defendant. The latter admits the writing, but claims that it was given at a later date, and at about the time a sale to one Udi was contemplated. Defendant further claims that the sale to Cross was made under a later agreement, which was verbal. In an amendment to his answer, he speaks of it as follows: "Said oral contract expressly waived, and made null and void, all former contracts, whether the same were in writing or not. Said contract was that, in consideration of the prospect of selling the said premises to B. B. Cross on time, for an enhanced price, the proceeds of the Cross sale, after paying indebtedness to defendant, and enabling plaintiff to realize on same, above commission to defendant, to go to plaintiff; that the plaintiff was to take the notes given by Cross, and convert the same into cash, to be used in payment of the indebtedness to defendant,—the balance for the benefit of plaintiff, as above stated." Plaintiff denies the making of this alleged agreement, and there is a conflict of the evidence in regard to it. Appellant complains of a part of the ninth and of the fifteenth paragraphs of the charge to the jury, which are as follows: "(9) * * * If you find, by a preponderance of the evidence, that the contract set up by the plaintiff was in fact entered into between the parties, then the plaintiff will be entitled to recover herein in accordance with its provisions, unless such contract was waived by a subsequent parol agreement entered into between the parties, for a good and sufficient consideration." "(15) If you find that the contract sued on was in fact entered

*2. CONTRACTS: new one annulling the original: consideration: pleading and proof.*

into between the parties, but that subsequent thereto, and prior to the sale to Cross, an oral contract was entered into between the parties, by the terms of which the said written contract was waived, and that the sale to Cross was made under such subsequent oral contract; and if you further find that there is a new or additional consideration for such oral contract,—that is, some other or further advantage or benefit to plaintiff, additional to the benefit he was to receive under the written contract, if any was made,—then the plaintiff is not entitled to recover upon the contract sued on, and your verdict should be for the defendant. The burden of proving such subsequent contract by a preponderance of the evidence is upon the defendant." The ground of appellant's complaint is that the portions of the charge quoted prohibit the finding that the subsequent parol agreement was made, unless a further and additional consideration was shown. It may be conceded, as claimed by appellant, that the consideration of the first agreement might have been sufficient to sustain the second, and that the charge, abstractly considered, is erroneous. But the answer of defendant as amended states that the oral agreement expressly waived, and made null and void, all former contracts, and specified a new consideration upon which it was based. It excludes by its terms the consideration of former agreements; and the portions of the charge objected to were evidently given on defendant's theory of his defense. It is not, therefore, a case where a party has pleaded more than it is necessary for him to prove in order to succeed, but one where he has excluded from his defense matters not pleaded.

III. It is contended that the verdict is excessive, and not sustained by the evidence. Cross gave, in payment for the land, his two notes, amounting to twenty-four hundred dollars, secured by his two mortgages on the land. Plaintiff alleges that these were of the value of twenty-four hundred dollars; that his interest in them was of the value of seven hundred dollars; and that

3. DAMAGES: conversion of commercial paper: evidence.

defendant wrongfully converted them to his own use, by surrendering them to Cross, and causing the notes to be destroyed. Plaintiff offered no evidence as to the value of the notes, excepting to show that they were secured by mortgages on the land sold. Commercial paper is presumptively worth the amount recoverable thereon; yet, in an action for its wrongful conversion, its real value may be shown to be less, as by showing the insolvency of the maker. *Callanan v. Brown*, 31 Iowa, 341; *Latham v. Brown*, 16 Iowa, 120. Defendant testified that the Cross notes "were worth, I should say, seventeen hundred to eighteen hundred dollars.  *  *  * I consider these notes worth seventeen hundred to eighteen hundred dollars." But their market value was not shown, nor did it appear that the security was inadequate, nor that the maker was insolvent. Under these circumstances, we are not authorized to disturb the finding of the jury as to the value of the notes. It appears, without material conflict in the evidence, that the amount due January 20, 1887, the date of the sale to Cross, on the mortgage in favor of the Central Loan and Trust Company, and on the two notes given by plaintiff and held by defendant, was $1,580.47. To that should be added the two hundred dollars which defendant was entitled to retain as one-half of the price paid for the land in excess of two thousand dollars; making $1,780.47. That, deducted from the purchase price, left a balance $619.53. Add to that sum interest thereon at six per cent. to the date of the verdict and the amount is $684.83. The evidence shows that defendant took an assignment of a judgment against plaintiff, and in favor of Emerson, Islcott & Co., which was a lien on the premises in question, on which there was due at the date of the verdict the sum of $58.25. Defendant asks to be allowed that amount, and his right to recover thereon, by way of counter-claim, does not seem to be questioned. Therefore we think he should be allowed for it, thus reducing the amount for which the verdict and judgment should have been to $626.58, instead of $711.16.

Ida Co. v. Woods.

Plaintiff offers to remit the amount of the judgment in excess of $626.58, in case we find him entitled to recover no more than that sum.    Judgment will therefore be rendered in favor of plaintiff for $626.58, and interest thereon at six per cent. per annum from October 22, 1888.   The costs of this appeal will be taxed to plaintiff.

4. APPEAL : excessive judgment : remittitur : costs.

MODIFIED AND AFFIRMED.