JOHN H. UPHAM v. HENRY P. BARBOUR.[1]

June 30, 1896.

Nos. 10,096—(223).

**Pledge of Stock—Conversion by Pledgee.**

Where the pledgee of stock put it out of his control, by canceling the certificates and reissuing the stock to a third party to hold as security for the completion or consummation of another and different contract, without the pledgor's consent, *held*, such pledgee was guilty of conversion.

**Same—Option to Buy—Action for Price.**

The pledgee had an option to purchase the stock at a specified price. *Held*, the pledgor might elect to consider the conversion as an exercise of the option, and sue to recover such price.

Appeal by defendant from a judgment of the district court for St. Louis county in favor of plaintiff for $2,488.11, after a trial before Ensign, J., and a jury.   Reversed.

*R. R. Briggs*, for appellant.

*Cash, Williams & Chester*, for respondent.

CANTY, J.   The principal question involved in this case is whether plaintiff is guilty of converting to his own use defendant's stock.

On March 18, 1893, the defendant was the owner and holder of 4,-000 shares of the capital stock of the Standard Ore Company, a corporation.   On that day he borrowed of plaintiff the sum of $2,000 for which he executed to the latter his promissory note for that amount, and at the same time, and as collateral security for the loan, indorsed all of the certificates of said stock in blank, and delivered them to plaintiff.   Plaintiff held these certificates until November 10, 1893, at which time the note was past due.   On that day, plaintiff, as he testifies, "loaned this stock" to one Bates, the secretary of the corporation, and delivered the same to him for the purpose of having the certificates canceled and the stock reissued to one Fackenthall, who was the agent of the Thomas Iron Company, a foreign corporation. At this time the two corporations were making a contract whereby the ore company agreed to sell certain iron ore to the iron company,

[1] Reported in 68 N. W. 42.

and give the latter an option to take an assignment of the lease of the iron mine of the former; and in consideration thereof the latter had loaned or advanced to the former some money, and agreed to advance it some more. The parties deemed it necessary that this contract should be ratified at a meeting of the stockholders, which could not be called on less than ten days' notice. In order to insure the iron company that the agreement would be so ratified, a majority of all the stock of the ore company was, by a number of those holding such stock, transferred to Fackenthall, under an agreement that he should hold and vote the same at such meeting; and accordingly such a meeting was called, and he, by proxy, voted all of this stock in favor of a ratification of such contract, which was accordingly ratified. Plaintiff, as a part of this arrangement, transferred defendant's stock to Bates as aforesaid, and a large number of other shares of his own, and the certificates were all canceled, and new certificates issued to Fackenthall accordingly; plaintiff retaining no stock in the corporation, except one share of his own, which he voted at the meeting. After the meeting all of this stock was returned by Fackenthall, and, at plaintiff's request, reissued to Bates. Defendant never consented to any such use of his stock by plaintiff.

This action was brought to recover the amount due on the promissory note. Defendant set up a counterclaim for the conversion of his stock, and, on the trial, proved the above facts by evidence wholly uncontradicted. The court held that the facts did not constitute a conversion, and ordered a verdict for plaintiff for the full amount of the note, and from the judgment entered thereon defendant appeals.

Whether or not, if plaintiff had always kept this stock, or even a sufficient amount of the same kind of stock, within his actual control, though in the name of a third person, he would not be guilty of conversion, as some of the cases seem to hold, is a question we need not decide. It clearly appears that he did not keep it within his control. It is the duty of the pledgee to keep control of the pledge, so that at any time the pledgor pays the debt the pledgee will be ready to return the pledge; and if he does not so keep it, but puts it beyond his control, he is guilty of conversion. If defendant had paid his note during the time that Fackenthall was holding this stock to protect the interests of the iron company, plaintiff was not in a position to return the stock. Then the uncontradicted evidence shows that plaintiff was

guilty of conversion. The fact that the ore company was in great straits, and it was necessary to make the arrangement that was made with the iron company and Fackenthall, in order to preserve its assets, does not change the result.

2. On the back of the note in suit, which describes the stock, defendant, at the time it was made, indorsed the following:

"It is hereby understood that the holder of this note has the option to purchase at any time during the life of this note two thousand shares of the stock described herein as collateral, at seventy-five cents per share.                              Henry P. Barbour."

Defendant, in his counterclaim, alleges that plaintiff elected to purchase, and did purchase, these 2,000 shares, at such price of 75 cents per share. Defendant now contends that, by the conversion of the stock, plaintiff elected to exercise this option, and purchase these 2,000 shares at that price. Even though the stock was worth more than 75 cents per share, defendant could not recover as damages any more than that sum, because, while plaintiff held a valid option to purchase for that sum, defendant could not be damaged in any greater sum by plaintiff's conversion of the stock. But there ought to be some mutuality in the rule. It ought not, under all circumstances, to favor the wrongdoer. If he can take advantage of his option to reduce the damages when the value is above the option price, he ought to be held to the option price when the value is below it. Then we are of the opinion that defendant may elect to consider the conversion as an exercise of the option, to the amount of the 2,000 shares. This disposes of the case.

The judgment is reversed, and a new trial granted.