(18 Misc. Rep. 607.)

## BOYER et al. v. FENN.[1]

(City Court of New York, General Term. December 12, 1896.)

1. PREMATURE ACTION—CONVERSION OF NOTE.
   The maker of a note may sue for conversion of it before maturity.

2. CONVERSION—MISAPPROPRIATION OF NOTE.
   It is a conversion of a note to negotiate it where it was obtained by false representations, or was given to be used only on a contingency which had not occurred.

3. NOTE—CONSIDERATION—SUBSCRIPTION TO CAPITAL STOCK.
   It is no defense to an action by the maker of a note against the payee, for conversion of the note, that it was given in payment of a subscription to the stock of a corporation, unless it appears that it was a domestic corporation.

Appeal from special term.

Action by Charles H. Boyer and another against William B. Fenn. From an order denying a motion to vacate an order of arrest on papers on which the order was granted, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Archibald C. Shenstone, for appellant.

J. Hampden Dougherty, for respondents.

O'DWYER, J. From an examination of the complaint and the affidavits upon which the order of arrest was granted, it is manifest that the plaintiffs have a cause of action against the defendant for the conversion of the note described in the complaint. Their cause of action is good, although the note had not matured at the time the suit was brought.

Upon discovery of the falsity of the several representations made by the defendant, the plaintiffs had the right to rescind their agreement to subscribe for and take capital stock, and to demand back their note. They demanded its return to them. It was issued in consequence of fraudulent misrepresentations. This gave the plaintiffs the right to treat the whole transaction as void ab initio, for the note was vitiated by the false statements. The use of it by the defendant was a conversion of the plaintiffs' property obtained by the defendant through deceit. The defendant's use of the note, in violation of the promise contained in the receipt which he gave, that it should not be negotiated until the capital stock was delivered to the plaintiffs, was also a conversion. It makes no difference whether at the time of the commencement of the action the plaintiffs had or had not paid the note. As soon as the note passed out of the defendant's hands into the hands of a bona fide third person, the plaintiffs became liable upon it. The defendant had no title to it, in consequence of his false representations. His retention of it was a conversion. His parting with it was also a

[1] Affirmed. See 43 N. Y. Supp. 533.

conversion. Railroad Co. v. Bayne, 75 N. Y. 1; Loomis v. Mowry, 8 Hun, 311.

The claim that the transaction alleged in the complaint was illegal, for the reason that the law expressly declares that the payment of subscriptions to the capital stock of a corporation must be made in cash or property or services, requires no discussion, as it does not appear that the proposed corporation was to be incorporated under the laws of this state. The provisions of the statute cited relate to domestic corporations.

The order appealed from should be affirmed, with costs. All concur.