ALLEN *v.* DUBOIS.

117  115
117  504

PLEDGE—CORPORATE STOCK—CONVERSION.

A pledgor of corporate stock may treat a sale by the pledgee
of such stock as a conversion, although the pledgee has at all
times a sufficient number of shares of the same stock to
meet the pledge, where the stock pledged can be identified.

Error to Monroe; Kinne, J.   Submitted April 28, 1898.
Decided May 17, 1898.

*Assumpsit* by Richard W. Allen against Louis Dubois
upon a promissory note.   From a judgment for defendant
on verdict directed by the court, plaintiff brings error.
Affirmed.

*Charles A. Golden* and *Willis Baldwin,* for appel-
lant.

*E. R. Gilday* and *H. A. Lockwood,* for appellee.

LONG, J.   Plaintiff brought suit upon a promissory
note given by defendant.   Defendant gave notice of set-
off for the alleged conversion of certain certificates of
stock of 100 shares each in the Iron Silver Mining Com-
pany, which were pledged with plaintiff as collateral
security for the note sued upon.   It appears that the
plaintiff tendered back to the defendant certificates of
shares of stock in the same company, but not the identical
certificates received as such collateral.   It was shown that
the plaintiff sold from time to time certain of the shares of
stock so deposited with him by defendant, and received
certain moneys therefor.   The record contains the admis-
sions of the parties made during the trial, as follows:

"Defendant admits that, if the plaintiff is not charge-
able with the amounts received by him on the sale of the
certificates of stock deposited with him by defendant, evi-

denced by certificates A14,664, A14,665, A14,666, sold by him October 16, 1889, and certificate A8,608, sold by him January 14, 1890, and certificate A13,639, sold by him July 18, 1892, there is due plaintiff the sum of $787.75.

"Plaintiff admits that, if he is chargeable with the amount received by him upon the sale of said stock above mentioned, there is due to the defendant the sum of $867.20."

The court below directed the verdict in favor of defendant for $867.20. Plaintiff brings error.

The only question raised here is whether the plaintiff is bound to return the identical shares of stock he received from the defendant. It appears that the plaintiff had on hand at all times a sufficient number of shares of the same stock to meet the pledge. It is contended by counsel for plaintiff that, inasmuch as one share was exactly like every other share of the stock, the defendant did not and could not suffer any damage by having returned to him other certificates of stock than those deposited, and therefore no action would lie. It appeared in the case that the five certificates for which the defendant was allowed a set-off against the note were fully identified. It is not contended that these certificates ever became the property of the plaintiff. He never had authority to sell them, and yet he did sell them at the price for which the defendant was permitted to recover in this action. These certificates were indorsed in blank, but several of them stood upon the books of the company in the name of the defendant. The others stood on the books in the names of the parties from whom defendant received them. They passed from hand to hand, and any holder could have them entered on the books of the company in his own name. It has been held by this court that, where a party wrongfully sells a certificate of shares of stock in a corporation under such circumstances as to make him liable in trover, it is the shares of stock he is to be considered as having converted, and not merely the paper certificate which represents those shares; and that an action for the conversion will lie. *Morton* v. *Preston*, 18 Mich. 60

(100 Am. Dec. 146). That trover will lie for shares of stock was held also in *Daggett* v. *Davis*, 53 Mich. 36 (51 Am. Rep. 91).

The shares being identified in the present case, so that the defendant could state specifically what shares were deposited, we think it is well settled that he is entitled to have the identical shares returned, and that, if not returned, the plaintiff would be liable for their value. It is true that, in the absence of any such designation, the law will presume that the shares so on hand from time to time were the shares deposited, because the parties have not reduced the shares to any more certainty. *Allen* v. *Dykers*, 3 Hill, 598. It was held in *Fay* v. *Gray*, 124 Mass. 500, that, if a certificate of stock in a corporation pledged as collateral security is transferred by the pledgee to a creditor of his own, the pledgor may treat this as a conversion, and the fact that the pledgee has a greater number of shares standing to his own credit on the books of the corporation is immaterial. In *Atkins* v. *Gamble*, 42 Cal. 86 (10 Am. Rep. 282), the other view was taken, and it was held that the identical shares need not be returned; but we think the great weight of authority is the other way. Counsel seem to think that the numerous cases are conflicting; but we think it will be found upon examination that where the stock pledged as collateral can be identified, and separated from the other stock, the pledgor is entitled to have a return of his identical shares. In many of the cases cited, the courts were treating of the rights between a broker who buys stock, and holds it as security for moneys advanced, and the parties for whom he purchases. In that class of cases it is held that the broker may satisfy his contract by turning over any shares he holds, and the only requirement is that he keep a sufficient amount on hand in his own name, and subject to his absolute control, to enable him to restore the shares purchased for the customer. But when stock is pledged as collateral security, and the stock is identified, the pledgor is entitled to a return of the shares pledged. Any

other rule than this would be at variance with the settled rule in this State that trover will lie for the conversion of such certificates of shares.

The court below very properly directed verdict in favor of defendant. The judgment must be affirmed.

The other Justices concurred.