CHARLES D. WOODWORTH v. ISAAC S. HASCALL.

FILED OCTOBER 18, 1899. No. 8,987.

1. **Conflicting Evidence:** REVIEW. A finding based on conflicting evidence will not be disturbed unless manifestly wrong.

2. **Pledges:** SALE BY PLEDGEE: CONVERSION. A sale of a pledge by a pledgee without notice to the pledgor to redeem, in the absence of stipulations for such a sale, constitutes its conversion.

3. **Conversion:** MEASURE OF DAMAGES. The general measure of damages in an action of conversion is the market value of the prop-

erty converted with legal interest, and this is applicable to a policy of life insurance. If it has no market value or trade value, then its present value at the time of conversion to its owner may be shown, and will furnish a rule of damages.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.   *Reversed.*

The facts and issues are stated in the opinion.

*Hall & McCulloch,* for plaintiff in error:

Some competent evidence was necessary to show the value of the insurance policy at the time of conversion. No such evidence having been adduced, there is nothing to support the judgment. See *Barlass v. Brash,* 27 Nebr., 212; *Peckinbaugh v. Quillin,* 12 Nebr., 586; *Baum Iron Co. v. Union Savings Bank,* 50 Nebr., 392.

*Covell & Winter, contra:*

Pledgee's interest is the right to retain the property for security. There can be no forfeiture until pledgor's rights are foreclosed. See *Brownell v. Hawkins,* 4 Barb. [N. Y.], 491; *Mitchell v. Roberts,* 17 Fed. Rep., 778.

Pledgee may sell at public auction upon giving debtor reasonable notice to redeem, but not otherwise. See *Lockwood v. Ewer,* 2 Atk. [Eng.], 303; *Kemp v. Westbrook,* 1 Ves. [Eng.], 278; *Vaupell v. Woodward,* 2 Sandf. Ch. [N. Y.], 143; *Hart v. Ten Eyck,* 2 Johns. Ch. [N. Y.], 62*; *Garlick v. James,* 12 Johns. [N. Y.], 146*; *Cushman v. Hayes,* 46 Ill., 145; *Luckett v. Townsend,* 3 Tex., 119; *Brightman v. Reeves,* 21 Tex., 70; *Mauge v. Herminghi,* 26 Cal., 577; *Wilson v. Brannan,* 27 Cal., 258; *Union Trust Co. v. Rigdon,* 93 Ill., 458; *Robinson v. Hurley,* 11 Ia., 410; *Stearns v. Marsh,* 4 Denio [N. Y.], 227; *Milliken v. Dehon,* 27 N. Y., 364; *Wilson v. Little,* 2 N. Y., 443.

The cash value of the policy, as nearly as such value could be fixed by evidence, was shown by testimony of witnesses. The current or market value of property at the time of conversion, with interest from that time until

trial, is the true measure of damages.    See *Suydam v. Jenkins*, 3 Sandf. [N. Y.], 614.

HARRISON, C. J.

The defendant in error, it appears, was on October 10, 1890, the owner of an endowment limited payment policy of insurance on his life issued by the Mutual Life Insurance Company of New York, of date March 8, 1886.    The annual premium of $539 had been paid for each of the years the policy had been in existence, and on the date we have first mentioned was assigned to the plaintiff in error as security for the payment of $570.50, the amount of a loan then made by him to the defendant in error.    It was alleged in a petition filed in this action that the plaintiff in error on June 28, 1892, sold and converted the policy to his own use.    The contention for the defendant in error was and is that the policy was but pledged, and the sale by the pledgee worked a conversion.    For the other party it was and is asserted that the policy was so assigned and under such conditions that prior to the sale his ownership had become absolute.    A trial of the issues resulted in a judgment for the petitioner, and his adversary has removed the case to this court by petition in error.

The questions argued relate to the sufficiency of the evidence to support the findings and judgment.    On the issues of whether the policy had been pledged as collateral security merely or the transfer had been with stipulations of such a character that by lapse of time and other concurrent reasons it had become fixed and permanent the evidence was conflicting, and the apparent finding that the former was the fact was sustained by the evidence and will not be disturbed.    The sale of the policy was without notice to the pledgor to redeem, and was wrongful and constituted a conversion.

The only further matter of controversy is of the proof of value of the policy.    We will not discuss the competency of the proof introduced of the contents and con-

Woodworth v. Hascall.

ditions of the policy, but if it be conceded, then of the stipulations were the following: "This policy may be surrendered to the company at the end of the fifth year from the date of issue and eighty per cent of the reserve, computed by the American table of mortality, and four and one-half per cent interest, and the surplus, as defined above, will be paid therefor. If surrendered at the end of the second or any subsequent five-year period, the full reserve, by the same standard, and surplus as defined will be paid. No cash value will be paid for a surrender at any other time or date." There was proof of what amount would have been realized had the policy been surrendered to the company and cash accepted according to its terms at the close of the first five years, or on March 8, 1891; but this was not the time of conversion, which took place June 28, 1892, at which later date the policy had no cash surrender value, and the evidence to which we have referred did not furnish a value of the policy when converted. It devolved upon the party who sought a recovery to show the market value of the policy of the date of conversion, which sum, with legal interest added, less the amount loaned and subsequently paid on premiums, would have furnished the correct sum for which judgment should have been rendered; or, if the policy had no market value, or value for sale in the regular course of trade, that such was the fact should have been shown, and the plaintiff in the action might then have been allowed to show the value of the policy at the time of conversion. See *Wheeler v. Pereles*, 43 Wis., 333; 26 Am. & Eng. Ency. Law, 847 and note. See, also, *Barney v. Dudley*, 42 Kan., 212, 16 Am. St. Rep., 476. There was no competent evidence of value; hence the finding on that point was erroneous and not sustained. It follows that the judgment must be reversed, and the cause remanded.

REVERSED AND REMANDED.