Frank D. Freeman, Executor, Etc., Appellant, v. Fritz Strobehn.

Destruction of Written Instrument: RECOVERY OF DAMAGES. Only nominal damages can be recovered for the destruction of a bank check, where it is not shown that the holder has suffered substantial injury, or that liability thereon has been affected by such destruction.

*Appeal from Grundy District Court.*—Hon. A. S. Blair, Judge.

Thursday, January 14, 1904.

Action under Code, section 4822, to recover three times the value of a certain check for $400 and a certain contract to convey real estate for the consideration of $15,400, which it is alleged were the property of plaintiff and were willfully and maliciously destroyed by defendant. The court directed a verdict for plaintiff for $1 as damages, and the plaintiff appeals.—*Affirmed.*

*E. M. Bumphrey* for appellant.

*Boies & Boies* and *M. J. Wade* for appellee.

McClain, J.—The facts, as to which there is no substantial controversy in the record, are that plaintiff and

defendant entered into a written contract for the conveyance of a certain tract of land by plaintiff to defendant for the consideration of $15,400, of which the amount of $400 was to be paid in cash on the execution of the contract, and the balance in secured notes on the delivery of the deed and abstract showing good title. In connection with the execution of this contract the defendant drew a check for $400 in favor of plaintiff, which he delivered to plaintiff, or to plaintiff's agents in his presence. A few days afterward, defendant found one of the agents of plaintiff in the bank on which the check was drawn, about to deliver it to the bank and receive credit thereon, and objected to the proceedings, and, after a few words in conversation indicating his belief that the contract was for some reason invalid or fraudulent, seized from the hand of plaintiff's agent the check and contract, and destroyed them by tearing them up. Plaintiff brought this action to recover the sum of $46,200, being three times the aggregate of the amounts specified in the check and the contract, basing his right of action upon a provision of the Code which reads as follows: "Sec. 4822. If any person maliciously injure, deface or destroy any building or fixture attached thereto, or wilfully and maliciously destroy, injure or secrete any goods, chattels or valuable papers of another, he shall be imprisoned in the county jail not more than one year or be fined not exceeding $500, and be liable to the party injured in a sum equal to three times the value of the property so destroyed or injured." In argument, however, counsel for appellant claims only that plaintiff was entitled to recover the sum of $1,200, that is, three times the amount specified in the check.

It is not necessary to cite authorities in support of the proposition that the statutory provision, being penal in its nature, must be strictly construed, not only as to the criminal punishment provided for, but also as to treble damages. And we must inquire, therefore, particularly,

not only as to whether the act was willful and malicious, but also as to whether the plaintiff suffered any substantial damage; for we certainly would be justified in assuming that damages which are fictitious or remote, or not substantial as to the plaintiff, could not be made a basis for the recovery of the penalty provided for in this statute. It appears that, after the execution of this contract and delivery of the check, defendant made some inquiry as to the condition of the title to the property, and reached the conclusion, which was probably entirely erroneous, that plaintiff would be unable to make good title, and therefore could not perform his contract. It further appears that even after the destruction of the instruments the defendant professed to be ready to carry out his agreement if plaintiff could make a good title, but, for some reason not appearing in the record, the negotiations were finally abandoned, and plaintiff sold the land to another person. Now, it seems to us that as the check at the time of its destruction imported simply a money liability on the part of the defendant, which liability, if it existed, could be enforced notwithstanding the destruction of the check, then it cannot be said, within the language of the statute, giving it a strict construction as above suggested, that $400 was the value of the piece of paper so destroyed. We are well aware that under some circumstances one who converts or destroys an instrument representing money is *prima facie* liable in an action of conversion for the face value of the instrument so converted or destroyed. *Mercer v. Jones,* 3 Camp. 477; *McLeod v. McGhie,* 2 Mann. & G. 326; *Alsager v. Close,* 10 M. & W. 576; *Stearns v. Houghton,* 38 Vt. 583; *Survey v. Wells,* 5 Cal. 125. But it will be found that these and like cases in which the proposition is announced are those where there has been the conversion or destruction of an instrument importing liability on the part of another person than the one destroying it, so that some substantial pecuniary injury has

been inflicted on the owner, or the like. The limitations of the rule are apparent in some of the more recent cases in which it is announced. Thus, in *Boyer v. Fenn*, (City Ct. N. Y. ) 43 N. Y. Supp. 506, it was held that the defendant, who wrongfully negotiated plaintiff's note, which was valid, was liable for the face value of the note thus converted, although it had not yet matured at the time suit was brought. In *King v. Ham*, 6 Allen, 298, it was held that one who wrongfully appropriated and retained a promissory note, belonging to another, until after the maker of the note was insolvent, was liable for the face value of the note, with interest. In *O'Donoghue v. Corby*, 22 Mo. 393, it was held that the measure of damages in trover for the wrongful conversion of a paper evidencing a debt was *prima facie* the amount the paper called for, subject to reduction by showing payment, or that the amount was not justly due, or by other evidence that the value was less than it purported to be. It is evident that these cases do not sustain the right of the plaintiff to recover in this case three times the face value of the check, even if we should concede that the check was a valid obligation of defendant to pay the sum of $400 to the plaintiff.

It is contended by counsel that, if $400 had been paid in cash by defendant to plaintiff when the contract was made, defendant could not have recovered it back after refusing to carry out his contract, even though no forfeiture were provided for in the contract, and the case of *Downey v. Riggs*, 102 Iowa, 88, is relied upon. But that case is bottomed on the proposition that one who has broken his contract cannot have relief as to anything done by him in partial performance. The defendant in this case is not asking any relief; it is the plaintiff who is in the situation of contending that, although the contract has been wholly abandoned, he has a cause of action against the defendant for $400; that is, that the check for $400, which was simply a chose in action, was an enforceable

instrument. But even if it was an enforceable instrument, its existence was not essential to plaintiff's cause of action against defendant, and, in the absence of any evidence of actual damage, we think the court rightly directed a verdict for plaintiff for only nominal damages.—Affirmed.