A. B. BROWN v. DUBUQUE ALTAR MFG. CO., Appellant.

Conversion of property. Any act of dominion wrongfully asserted over
1   the property of another, and in denial of his right or inconsistent
    therewith, is a conversion. Thus refusal to permit plaintiff to
    remove a steam boiler from defendant's building, in which he had
    left the same under an agreement that no charge for rent or storage
    should be made, amounted to a conversion.

Same: DEMAND FOR PROPERTY. Where the defendant's superintendent,
2   in an action for conversion, admitted that a demand was made upon
    him for the property and that it was refused, the erroneous admis-

sion of evidence of a demand on defendant's foreman was not prejudicial.

**Same: EVIDENCE: ADMISSIBILITY.** In this action for conversion of a
3   steam boiler left by plaintiff in defendant's building, after surrender of his lease, under an agreement that no charge should be made for storage, it was competent to show statements of defendant's superintendent concerning the use of the boiler; as tending to explain how he came to permit it to remain, and as bearing on his intent in denying the right of removal.

**Same.** Where defendant's witness had qualified and testified as to the
4   value of the boiler in question, there was no error in refusing to permit statements as to whether the value given represented value in trade.

**Same: INSTRUCTIONS.** The instruction in this action for conversion
5   of property left in a leased building, that in determining plaintiff's right to immediate possession the jury should ascertain whether defendant had any just claim for rent, was not erroneous, as submitting merely defendant's moral right to possession of the property, where the jury was further told that if it was agreed the property should remain without charge plaintiff was entitled to possession.

**Same: DEMAND AND REFUSAL.** Demand and refusal are evidence of
6   conversion, which become conclusive where the party making the demand is the owner and entitled to immediate possession, and the other has no excuse for withholding the property from him.

*Appeal from Dubuque District Court.*—HON. J. W. KINTZINGER, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION for the value of a steam engine boiler and accessories alleged to have been converted. The answer was in three divisions: A general denial, a counterclaim for rent or storage, and a plea that defendant was retaining possession because of having been garnisheed. A demurrer to the last division was sustained, and, on the issues raised by the others, a verdict was returned for plaintiff and judgment entered thereon. The defendant appeals.—*Affirmed.*

*Hurd, Lenehan & Kiesel,* for appellant.

*Kenline & Roedell,* for appellee.

LADD, J.—In February, 1907, the plaintiff leased a building one year at a rental of $15 per month and installed an engine, boiler with accessories, and other machinery. The business engaged in did not prosper, and about the middle of October of that year, through mutual agreement, the lease was surrendered. As this affected the insurance hazard on defendant's other property, it remitted past-due rent, and plaintiff was allowed to leave the engine, boiler, and accessories in the building, as he contends, until convenient to remove them, or, as claimed by defendant, until the lease would have expired in February following. About-March, 1910, plaintiff proposed to remove the property, but defendant required as a condition precedent the payment of a rental or storage charge of $50, though this was later reduced to $25. Payment thereof was refused, and this action for conversion was begun.

I.  The evidence was in conflict as to whether the understanding was that the property might be left in the building until February, 1908, when the lease would have expired, or until it should be convenient for plaintiff to take it away. The plaintiff testified that the latter was the arrangement with defendant's superintendent under which he yielded possession of the premises, and though he addressed a letter to defendant dated October 16, 1907, proposing to surrender his lease "except for the purpose of storing my machinery, etc., until the expiration of the lease, unless such stuff be sooner disposed of," he explained that the arrangement with the superintendent was had prior to writing the letter, and farther that he was never notified of the acceptance of his written proposition. The superintendent testified that the conversation between him and plaintiff was that the property might remain until February, 1908, and that, at his suggestion, the

latter put his proposition in writing to be submitted to the defendant's board of directors.

Though we might not have reached the same conclusion as did the jury, it is apparent that the issue was for that body. They might have concluded the agreement was entered into with the superintendent before the written proposition was made and that the latter was never accepted by defendant. If so, there was nothing owing the latter for rent or storage, and the refusal to allow plaintiff to remove the property on demand was without reasonable qualification, and therefore amounted to a conversion. "Any distinct act of dominion, wrongfully exerted over one's property, in denial of his right or inconsistent with it, is a conversion. The action of trover, being founded on a conjoint right of property and possession, any act of the defendant which negatives or is inconsistent with such right amounts in law to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in action by the defendant; it is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or defiance of the plaintiff's right? If he does, that in law is a conversion, be it for his own or for another person's use." 2 Cooley on Torts (3d Ed.) 859. It was said in *Burroughes v. Bayne*, 5 H. & N. 296, 302, that "The word conversion by a long course of practice has acquired a technical meaning. It means detaining goods so as to deprive the person entitled to the possession of them of his dominion over them." Of course, there is often a reasonable qualification in a refusal to deliver property on demand; but, whenever there is an unauthorized act which deprives the owner of his property permanently or for an indefinite period of time, there is a conversion. *Sutton v. Northern Ry. Co.*, 99 Minn. 376 (109 N. W. 815). As said by Mr. Freeman, in his annotation to *Bolling v. Kirby*, 24 Am. St. Rep. 789, 807: "As a general rule, a conversion takes place whenever one in whose possession or control personalty

1. CONVERSION OF property.

is, upon demand being made upon him therefor by a party entitled thereto, makes an unqualified refusal to surrender it; . . . or places his refusal on some untenable ground, or undertakes to enact, as a condition of delivery, the discharge of some lien or other claim for the payment of which the property is not bound." Authorities are cited in support of these propositions. In the early case of *Cutter v. Fanning,* 2 Iowa, 580, 590, Wright, J., observed: "To maintain this action, there must be property in the plaintiff, as also a right to the possession, at the time of the conversion. And in the next place, there must be a conversion of the thing by defendant, to his own use. It is not material whether the defendant came to the possession, originally, by right or wrong. 2 Greenleaf, Evidence section 636. This conversion may be either direct and constructive, and may arise, as stated by plaintiff's counsel (referring to 2 Saund. P. & E. 880), by the wrongful taking and illegal assumption of ownership, by the illegal use or misuse of the chattel, or by a wrongful detention. Where the circumstances of themselves do not amount to an actual conversion, it will be incumbent on the plaintiff to give evidence of a demand and refusal, prior to the commencement of his action." See, also, *Reizenstein v. Marquardt,* 75 Iowa, 294.

If, then, the defendant had no claim to or lien on the engine, boiler, and accessories for rent or storage, and upon demand refused to allow plaintiff to remove these from its premises, this amounted to a wrongful detention of his property and, in the language of the books, the exercise of a dominion over it to the exclusion or in defiance of plaintiff's right, and constituted conversion.

II. As the evidence, that a demand for the property was made on the superintendent of defendant and was by him refused, was undisputed and was by him admitted, it is unnecessary to inquire whether it was error to receive evidence of demand on the foreman, for, if error, it was without prejudice. Testimony of what the foreman said about notice to take the property not having been given plaintiff was received without objection.

2. SAME: demand for property.

What defendant's superintendent may have said about using the boiler was admissible as tending to explain how he came to allow it to remain in the building and as bearing on his intent in refusing to allow plaintiff to remove it.

3. SAME: evidence: admissibility.

Even if the court were conceded to have been rather strict in exacting definite proof of Schwin's competency to testify of value, the showing was made, and the error, if any, was obviated thereby, and there was no error in not permitting appellant, after eliciting his opinion as to the market value, to inquire whether the value given represented value in trade.

4. SAME.

III. The instructions requested, in so far as applicable to the facts, were included in those given. In the course of the seventh instruction, the jury were told that, "in determining plaintiff's right to the immediate possession, you will consider whether or not defendant had any just claim against plaintiff for rent or storage," and it is said this merely submitted its "moral right" thereto. But the sentence was preceded by the statement of defendant's claim and followed by directing the jury that, if it had been agreed that the property should remain in the building until called for by plaintiff without charge, then upon demand he would be entitled to possession and, on the other hand, in the following instructions, if it was to remain until February, 1908, without charge, then defendant would be entitled to possession. From this it was clear precisely what the court meant by "just claim" and all possibility of a construction of the term as suggested excluded.

5. SAME: instructions.

As argued, demand and refusal are merely evidence of conversion, but such evidence becomes conclusive when the party making the demand is the owner entitled to immediate possession, and the person upon whom made has no right or excuse for withholding the property from the demandant, and the charge of the court in so saying was not erroneous.

6. SAME: demand and refusal.

As plaintiff disclaimed liability for rent or storage, there was no occasion for a plea of waiver or payment. The error assigned on the ruling by which the demurrer was sustained was not argued.

We discover no error, and the judgment is *Affirmed*.

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.