PENINSULAR BANK, Appellee, v. CITIZENS NATIONAL BANK, Appellant.

CARRIERS: Bills of Lading—Purchaser of Draft Attached—Recourse on Consignor on Nonacceptance. Where a bank purchased from consignor a draft attached to a bill of lading of an automobile truck, consigned to the owner, with directions to notify the drawee of the draft, as between the bank and the owner the draft was a bill of exchange, and upon its nonacceptance, the bank had an immediate right of recourse thereon against the owner.

TROVER AND CONVERSION: Nature and Grounds—Sufficiency of Allegations. Where a bank purchased from a consignor a draft attached to a bill of lading of an automobile truck, consigned to the owner, with directions to notify drawee of the draft, in an action of conversion for the amount of the draft as damages against the defendant, to whom it was sent for collection, a petition charging, not only that defendant wrongfully failed to collect the draft before surrendering the bill of lading to the drawee, but also the defendant's refusal, upon demand, to return the draft, sufficiently alleged conversion of the draft.

TROVER AND CONVERSION: Damages—Presumption—Face Value of Draft Converted. A conversion of a draft attached to a bill of lading for an automobile, sent to a bank for collection, being undisputed, it will be presumed that the sender has been damaged to the extent of the draft's face value; and evidence

showing the value of the truck to be less than the amount of the .draft ·does not tend to rebut the presumption that the draft was worth the sum for which it was drawn.

**BANKS AND BANKING:** Collections—Duty to Remit Proceeds of Draft—Face Value. A bank which held its remittance of the proceeds of a draft after collection under direction of the drawee, and after it had turned over to the drawee a bill of lading attached to the draft, was liable to the sender for the full face of the draft.

**CARRIERS:** Bills of Lading—Purchaser of Draft Attached—Carrier's Liability to Purchaser Limited to Value of Goods Lost. If a draft be drawn with a bill of lading attached, the title to the shipment vests in the holder of the draft as security for its payment; and if, by fault of the carrier, the security be converted or lost, the holder, as against the carrier, would be limited to the value of the thing lost or converted.

*Appeal from Marion District Court.*—L. N. HAYS, Judge.

MAY 21, 1919.

ACTION at law to recover damages. Directed verdict and judgment for plaintiff, and defendant appeals. The material facts are stated in the opinion.—*Affirmed.*

*Vander Ploeg & Johnson,* for appellant.

*W. H. Lyon,* for appellee.

WEAVER, J.—The Denby Motor Truck Company, doing business in Michigan, consigned one motor truck to its own order to Knoxville, Iowa, and delivered it to the Grand Trunk Railway Company, a common carrier, for transportation to Knoxville. For this shipment the truck company took from the carrier a receipt and bill of lading, stating its own name as consignee, and marked, "Notify S. L. Collins Oil Company, Knoxville, Iowa." It also provided in terms that the surrender of the original bill of lading, properly endorsed, should be a condition precedent to the delivery of the shipment by the carrier, and that inspection of the

property should not be permitted unless provided by wire, or unless written permission so to do was endorsed on said bill. Having received the bill of lading, the truck company drew its draft upon S. L. Collins Oil Company for $848.50, which draft, accompanied by the bill of lading, they negotiated and delivered to the plaintiff, and received credit for the full face thereof. On the same day, the plaintiff bank forwarded both draft and bill of lading to the defendant, Citizens National Bank of Knoxville, for collection, with instructions to "deliver bill of lading on payment of draft only." Lafe Collins, who was president of the defendant bank, was also president of the S. L. Collins Oil Company. On receipt of the draft and bill of lading by the bank at Knoxville, Collins took possession of the bill, presented it to the carrier, and obtained possession of the truck for the oil company, by which it has since been retained. At some time, whether before or after taking possession of the bill of lading does not appear, Collins made and delivered his check to the defendant for the full amount of the draft, $848.50, but instructed the bank not to pay or remit it to plaintiff until he should so direct. Neither draft nor bill of lading has ever been returned or accounted for by the defendant. Payment having been demanded by the plaintiff and refused by the defendant, this action was brought to recover the amount of the draft as damages for its conversion. The defendant's answer admits receiving the draft and bill of lading, but denies all other allegations of the petition. The facts above set forth are wholly undisputed.

At the close of the plaintiff's testimony, and again when both parties had rested, defendant moved for a directed verdict in its favor. The grounds assigned for the motion are:

(1) Insufficient evidence to sustain a recovery.

(2) That, under the law applicable to the case, the oil company was the consignee in fact, and was entitled to de-

mand and receive delivery of the truck without presentation of the bill of lading.

(3) That plaintiff had failed to prove the value of the truck described in the bill of lading.

The motion having been denied, defendant offered to prove, by competent testimony, that the value of the truck represented by the bill of lading at the time the bill was surrendered to Collins, did not exceed $600; and, the offer being overruled, defendant rested, without tender or offer of other evidence. Plaintiff's motion for a directed verdict in its favor was thereupon sustained, and from the judgment thereupon, defendant appealed.

In argument to this court, the appellant relies on the single proposition that the measure of plaintiff's damages, if any, is the actual value of the truck described in the bill of lading, and that, if there be no evidence of such value, there can be no recovery; or, if there be any right of recovery upon the showing made, it is for nominal damages only, and it was, therefore, error for the trial court to overrule the defendant's offer to prove such value to be less than the amount of the draft.

Counsel's argument proceeds upon the theory that this action, in legal effect, is one for the recovery of damages for the loss of the truck described in the bill of lading, and such being the case, the measure of damages is necessarily the value of the truck, the accompanying draft being, at most, mere prima-facie evidence of such value. Now, it may be admitted, as counsel contend, that the endorsement and transfer of the bill of lading serve to vest the title to the truck in plaintiff, but it by no means follows that this is an action to recover its value. Plaintiff did not buy the truck; it bought the Truck Company's draft on the Oil Company for $848.50, and took the legal title to the truck as security for its accept-

1. CARRIERS: bills of lading: purchaser of draft attached: recourse on consignor on nonacceptance.

ance and payment. It sent both bill and draft to the defendant to collect, not the reasonable or market value of the truck, but the amount of the draft. If the draft had been dishonored upon presentation, and the security had been surrendered or lost by the defendant, plaintiff could have sued and recovered the value of it, but this was not the plaintiff's only recourse. As between itself and the truck company, the draft was a bill of exchange, and upon its dishonor by nonacceptance, plaintiff had immediate right of recourse thereon against said company. The petition not only charges the unauthorized surrender of the truck and defendant's failure to collect the draft before such surrender, but also alleges defendant's refusal to return the draft upon demand. This is a sufficient allegation of a conversion of the instrument. Proof of the conversion is undisputed, and plaintiff is presumed to have been damaged to the extent of its face value. *Hubbard v. State L. Ins. Co.*, 129 Iowa 13; *Dean v. Nichols*, 95 Iowa 89. Evidence showing the value of the truck to be less than the amount of the draft had no tendency to rebut the presumption that the draft was worth the sum for which it was drawn.

2. TROVER AND CONVERSION: nature and grounds: sufficiency of allegations.

3. TROVER AND CONVERSION: damages: presumption: face value of draft converted.

There is still another aspect to the case which necessitates an affirmance of the judgment below. It was shown by the cashier of the defendant bank, not only that it received the draft for collection, but also that it received from the president of the Oil Company, who was also its own president, a check for the full amount of the draft, which it still holds, and says, in excuse of its failure to remit, that said officer ordered its nonpayment until he should direct otherwise. In other words, defendant has collected the full amount of the draft, but withholds its

4. BANKS AND BANKING: collections: duty to remit proceeds of draft: face value.

remittance to the payee at the request of the debtor. This being admitted, it is bound in law to account to plaintiff for the full face of the draft, or to affirmatively plead and prove some fact or facts which excuse or avoid performance of that duty. No such defense is pleaded, and none is proved. In other words, the defendant confesses the truth of the averments of the petition, but neither alleges nor proves any new matter which tends to deprive the admitted facts of their ordinary legal effect. If it be true, as perhaps we may infer, that there is some dispute between the Truck Company and the Oil Company concerning the truck described in the bill of lading, the merits of such controversy are wholly immaterial in this action between the plaintiff, who purchased the draft, and the defendant, to whom it was sent for collection. To sustain the defendant's position upon this appeal would be tantamount to saying that, in any and every case where property is sold for delivery by carrier upon payment of the agreed purchase price, if the purchaser is fortunate enough or cunning enough to secure a delivery without payment, he is no longer bound by the price agreed upon, and the seller can recover on the basis of the market value only. No authority for such holding can be found. The cases cited by appellant, where common carriers have been sued for conversion of the property described in bills of lading, and have been held liable for no more than the value of the thing converted, are not at all in point. In *Belden v. Boston & M. R. Co.*, 88 Vt. 300 (92 Atl. 212), the action was by a shipper against a carrier, because the latter had delivered the goods to the consignee without presentation of the bill of lading. It was not an action against the consignee for the contract price, nor against a bank or collection agency for conversion of a draft for the purchase price. The duty of the carrier was to safely transport the goods and make proper delivery to the consignee, and if, by failure in this duty, it be-

came chargeable as for a conversion of the property, the measure of its liability was, as in other cases of conversion, the value of the thing converted. This liability on the part of the carrier did not relieve the consignee from his obligation to pay the contract price of the shipment, nor the consignor from its liability as drawer upon any draft drawn against the shipment and negotiated to a bank. The shipper in such case could maintain an action against the carrier for the value of the property lost, or against the consignee for the contract price of the property; and the purchaser of the draft, if one is drawn against the shipment and dishonored for want of acceptance, may sue the drawer, and recover thereon its full face value. So, too, as before noted, if the draft be drawn with the bill of lading attached, the title to the shipment vests in the holder of the draft as security for its payment, and if, by fault of the carrier, the security be lost or converted, then the right of the holder to recover from the carrier would be limited to the value of the thing lost; but there is no such issue in this case.

5. CARRIERS: bills of lading: purchaser of draft attached: carrier's liability to purchaser limited to value of goods lost.

The trial court did not err in directing a verdict for plaintiff, and the judgment appealed from is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.