CHARLES E. LINN, APPELLEE, V. DODGE COUNTY BANK, APPELLANT.

FILED APRIL 16, 1925. No. 23134.

1. Mortgages: PLEDGE OF MORTGAGE. A pledge of a real estate mortgage without the note which it secures is void.

2. **Pledges:** POWER TO SELL. In absence of special authority or agreement permitting him to do so, a pledgee has no right to sell commercial paper held as a pledge, either at public or private sale.

3. **Conversion:** DAMAGES. The measure of damages for conversion of a promissory note is its market value, or its present value to its owner at the time of conversion, with legal interest.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Courtright, Sidner, Lee & Gunderson,* for appellant.

*Dolezal, Spear & Mapes, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMPSON, JJ., and REDICK, District Judge.

REDICK, District Judge.

August 1, 1911, plaintiff gave his promissory note to defendant for $2,000 due one year after date, with interest at 10 per cent. Following the signature to the note and as a part of the same instrument was the following:

"I hereby deposit with the above obligation, as collateral security therefor, real estate mortgage for three thousand dollars at 6 per cent., date May 6, 1911, due March 1, 1916, on the N. E. qr. of Sec. 24, Twp. 24, Range 2 in Madison county, Nebraska, signed Knud Nelson & Marie Nelson. With authority to sell the same without notice either at public or private sale at the option of the holder or holders hereof on the nonperformance of this promise, he or they giving ———— credit for any balance of the net proceeds of such sale remaining after paying all sums due from ———— to the said holder or holders. * * * And it is further agreed that the holder or holders hereof may purchase at sale.

"(Signed) Charles E. Linn."

The mortgage referred to as collateral security, together with the note for $3,000 for which it was given as security, were delivered to the bank at the time the principal note was given.

The note of plaintiff not having been paid, the defendant, after due notice of its intention to do so, advertised in a newspaper that on October 2, 1914, it would sell said Nelson note, secured by said mortgage, at public auction to the highest bidder. The sale took place as advertised, and, there being no other bidders, the defendant bought said note and mortgage for the sum of $2,117, being the full amount then due upon plaintiff's note. Subsequently but before the maturity of the collateral note, defendant procured the Nelsons to execute a new note and mortgage to the bank for an extended period of time, at an expense to the bank of $150. It is conceded that the Nelson note and mortgage were worth their face value. Some eight months after the sale, plaintiff demanded the difference between the amount due upon his note and the value of the collateral, which was refused. This action is brought by the plaintiff to recover such difference as for conversion, and asking for an accounting. There was a judgment for the plaintiff for $1,373, from which defendant appeals.

The judgment of the lower court went upon the holding that the written pledge, above set forth, of the mortgage alone was void because the mortgage was a mere incident to the debt it secured and had no separate existence (citing *Webb v. Hoselton,* 4 Neb. 308) ; and, secondly, there was no authority in the pledgee to sell the note. We see no escape from these conclusions, with the result that the sale of the collateral by the bank was void. The law is well established that in the absence of special authority or agreement permitting him to do so, a pledgee has no right to sell commercial paper held as a pledge, either at public or private sale. 31 Cyc. 839. But, even though the assignment of the mortgage were valid, no authority is contained in the writing to sell the note, with reference to which the defendant is in a plight like unto that which confronted our Hebrew friend when the learned Portia in construing the bond in suit remarked, "This bond doth give thee here no jot of blood;" so, to paraphrase, "This writing doth give thee here no right to sell the note." It is argued by the learned

counsel for defendant that, inasmuch as the petition of plaintiff contained the following: "And the said note and mortgage were given by plaintiff to defendant at its request, as security under the said writing, exhibit A, for the security of said $2,000 indebtedness"—the plaintiff is precluded from making the point. We think, however, that the written contract must be construed strictly in accordance with its terms. There is no suggestion that it is not in the language intended by the parties, and no request has been made to reform it; therefore, we must take it as it is. The situation was a pledge of the mortgage and note with authority to sell the mortgage; but no authority to sell the note is given by the writing which contains the whole agreement of the parties.

Lastly, it is urged by defendant that the judgment is excessive, in that no allowance was made for the expense incurred by the bank in procuring a new mortgage, $150, or for the difference between 10 per cent. interest on the note of plaintiff and 6 per cent. the interest named in the collateral note. As to the first item, it seems sufficient to suggest that this was an expenditure entirely voluntary on the part of the bank, for its own benefit, and, being based upon the unauthorized sale of the collateral, plaintiff is not chargeable therewith. As to the difference in interest, the action being for conversion, the measure of damages is the value of the property converted with legal interest. *Woodworth v. Hascall*, 59 Neb. 124. By the conversion, plaintiff's debt was paid and the excess of the value of the collateral with lawful interest was due the plaintiff.

Judgment of the district court

AFFIRMED.

Note—See Mortgages 27 Cyc. 1286; Pledges 31 Cyc. 872, 882.