A. B. MULENIX, Appellee, v. FAIRFIELD NATIONAL BANK,
Appellant.

BAILMENT:    Conversion—Evidence.   Direct evidence is not essential
1   in order to generate a jury question on the issue of conversion.

EVIDENCE:    Presumptions—Value of Government Bonds.    The face
2   value of government bonds is prima-facie evidence of their actual
value.

Headnote 1:   38 Cyc. p. 2084.   Headnote 2:   38 Cyc. p. 2097.

*Appeal from Jefferson District Court.*—E. S. WELLS, Judge.

JUNE 21, 1926.

REHEARING DENIED APRIL 7, 1927.

Action in trover, for the conversion of certain liberty bonds
deposited by plaintiff with the defendant bank for safe-keeping.
Verdict and judgment for the plaintiff, and defendant appeals.
—*Affirmed.*

*Thoma & Thoma,* for appellant.

No appearance for appellee.

STEVENS, J.—I.   This is an action to recover the value of
certain liberty bonds which appellee alleged were deposited with
the Fairfield National Bank, at Fairfield, Iowa, for safe-keeping,
and which the bank is alleged to have converted to its own use.
After the action was commenced, and before the trial, a receiver
was appointed for the bank.   The answer to the petition was
filed by the receiver.   The deposit by appellee of liberty bonds
of the aggregate face value of $750 in the Fairfield National
Bank on January 13, 1920, for safe-keeping is admitted.   The
bonds were placed in an envelope by the cashier, and put in the
compartment of the safe in which the funds of the bank were
kept.   Appellant, for answer to the petition, alleged that, if any
bonds were deposited in the bank by appellee for safe-keeping,

same were returned to him, and denied the allegations in the petition charging the conversion of the bonds. By way of an amendment to the answer, appellant alleged that the deposit of the bonds in the bank for safe-keeping was gratuitous, and that, if the said bonds were appropriated or converted by anyone while they were in the possession of the bank, it was by an employee or employees thereof, without any fault or negligence upon the part of the bank or its officers.

A motion to strike the amendment to the answer was sustained. This ruling is assigned as error. All of the employees, directors, and officers of the bank were called as witnesses, and denied that they had any knowledge whatever of the misappropriation of the bonds by the bank or of the conversion thereof by it or any of its employees. Appellant also sought to show by the officers of the bank that they had never had occasion or cause to suspect or question the integrity of any of the bank's employees. This testimony was, upon objection of counsel for appellee, excluded.

The amendment to the answer apparently proceeded on the theory that it was a good defense for appellant to show that the bonds were not lost by the negligence of the officers or employees of the bank. In view of the theory upon which appellant tried the case,—that is, that the bonds were in fact returned to appellee,—we do not deem it necessary to pass upon the question as to whether or not freedom from negligence might ever be available to a gratuitous bailee as a defense to an action charging conversion. If it were conceded that the ruling of the court on the motion to strike the amendment to the petition was erroneous, this court would, nevertheless, be compelled to hold that the ruling was without prejudice.

No authorities are cited on the point except *Kubli v. First Nat. Bank*, 199 Iowa 194. The cause of action pleaded in that case was based solely upon negligence, and nothing said therein is in point here. The record will be more fully stated in another subdivision of this opinion. The evidence offered as to the character of the bank's employees tended only to establish the bank's freedom from negligence in the selection of its employees, and was, therefore, not relevant to any issue involved. Furthermore, the ruling of the court excluding the evidence was without prejudice to appellant.

II.  At the conclusion of all of the evidence, appellant moved the court for a directed verdict, upon the ground that the evidence was insufficient to sustain a verdict for appellee.  The

1. BAILMENT: conversion: evidence.

specific points of the motion were that the evidence wholly failed to show that any demand was made by appellee on the bank for the bonds, prior to the commencement of this action; that the bank conclusively established its freedom from negligence in caring for the bonds; that no evidence of the value thereof was introduced by appellee; and that there is a total absence of evidence to establish the charge of conversion.

We will dispose of the several grounds of the motion in the order stated.  Conversion is any distinct act of dominion or control wrongfully exerted over the chattels of another, in denial of his right thereto.  *Brown v. Dubuque Altar Mfg. Co.,* 163 Iowa 343; *Lee v. Coon Rapids Nat. Bank,* 166 Iowa 242; *Peninsular Bank v. Citizens Nat. Bank,* 186 Iowa 418.

The receipt of the bonds by the bank is admitted, and the evidence disclosed that they were at all times, while in the possession of the bank, kept in the safe to which the employees of the bank had access.

It is admitted that, on or about April 3, 1920, appellee requested the cashier to give him the bonds.  The cashier testified that he went to the safe and took therefrom the envelope containing the bonds, and that he believed, and was quite certain, that he then delivered them to appellee.  An employee of the bank who was present corroborated the testimony of the cashier, except as to the delivery of the instruments to appellee.  Both the cashier and the employee testified that appellee was asked for the receipt which was given him for the bonds when deposited, and that he stated he did not have it with him, and that the cashier then said, in substance, "You may, or will, have to mail or send them to the bank."  Appellee categorically denied that the bonds were, on the occasion mentioned, returned to him. The employee of the bank above referred to also testified that she did not remember having seen the bonds in the safe subsequent to the above transaction.  There was evidence of a somewhat indifferent character of a further demand for the bonds. No other transaction is referred to by any of the officers connected with the bank in which it is claimed they might have

been returned to appellee. Except as stated, the bank was un-able to account for the disappearance of the bonds and their failure to return the same upon demand. We think the evidence on this issue sufficient to take the question to the jury.

It is true that no direct evidence of the actual conversion of the bonds by the bank or anyone in its employ was introduced by appellee. This was not necessary. The bank was at least an insurer of its own conduct, and was bound to return the bonds to the appellee. If they had been stolen from the bank, without negligence upon its part, which is not claimed, the bank might not be liable therefor. *Kubli v. First Nat. Bank,* supra.

The rule as to the measure of damages is well established in this state. The court instructed the jury to return a verdict for $750, the face of the bonds, with interest added, if a verdict was found for plaintiff. The rule established in this state is that, in the absence of other evidence, the face value of negotiable instruments and other similar choses in action is prima-facie evidence of the value thereof. *Callanan v. Brown & Co.,* 31 Iowa 333; *Sickles v. Dallas Center Bank,* 81 Iowa 408; *Dean v. Nichols & Shepard Co.,* 95 Iowa 89; *Pelley v. Walker,* 79 Iowa 142; *Freeman v. Strobehn,* 122 Iowa 157; *Hubbard v. State Life Ins. Co.,* 129 Iowa 13.

2. EVIDENCE: pre-sumptions: value of govern-ment bonds.

It is contended by appellant that this rule has no applica-tion to government or other bonds which are bought and sold upon the market, in which case it is the market value; and our attention is called to *Griffith v. Burden,* 35 Iowa 138, to sustain this contention. Unless carefully analyzed in the light of the issues there presented, the cited case apparently lends support to appellant's contention. The issue really before the court in the *Griffith* case was whether the face value or the market value of certain municipal bonds was the true measure of the plain-tiff's recovery, in the absence of proof of certain specific facts. The face value of the bonds there involved was $2,000, but the jury returned a verdict in favor of plaintiff for $535. Evidence must, therefore, have been admitted of the actual or market value of the bonds. The court in that case instructed the jury that such was the measure of damages. The plaintiff, however, requested the court to instruct the jury to return a verdict in his favor for the face value of the bonds, with interest, unless it

was shown by the testimony either that the state of Minnesota, which had issued the bonds, was insolvent at the time of the conversion, that the bond was illegally issued, or that it had been paid; and that the burden was on the plaintiff to so show. The court held that the true measure of damages was the market value of the bonds, but did not have the exact point now under discussion before it. Such was the interpretation placed upon the *Griffith* case by this court in *Independent Sch. Dist. v. First Nat. Bank,* 196 Iowa 1171.

The point decided in *City of Memphis v. Brown,* 87 U. S. 289, in which *Griffith v. Burden,* supra, is cited, is not applicable to either the facts or the issues in the case before us. The following cases from other jurisdictions are in point, and support the conclusion we have reached herein: *Meixell v. Kirkpatrick,* 29 Kans. 679; *Meixell v. Kirkpatrick,* 33 Kans. 282 (6 Pac. 246); *First Nat. Bank v. Dickson,* 5 Dak. 286 (40 N. W. 351); *Walley v. Deseret Nat. Bank,* 14 Utah 305 (47 Pac. 147); *Hayes v. Massachusetts Mut. Life Ins. Co.,* 125 Ill. 626 (18 N. E. 322).

The peremptory instruction was proper. We conclude on this point that the court properly instructed the jury, in the absence of any evidence to the contrary, that the face value of the bonds was prima-facie evidence of their value.

III. Several requests were made by appellant for instructions. No proper exception was preserved to the refusal of the court to give the requested instructions, and an examination of them satisfies us that the substance thereof, so far as they correctly stated the law, was embodied in the court's charge.

Certain paragraphs of the court's charge are complained of, as is the charge as a whole. The criticism of the instructions is based almost wholly upon appellant's theory of the proof introduced, and that necessary to a recovery. No doubt, the instructions might easily have been amplified to some extent, but we find no substantial error in any of them, either of commission or omission, or of lack of clearness, that could in any way have prejudiced appellant.

No error in the record being found, the judgment of the court below is affirmed.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.