N. M. LEONARD, Appellant, v. FRANK SEHMAN, Appellee.

JUNE 26, 1928.

*Guy A. Miller*, for appellant.

*Emmert & James*, for appellee.

FAVILLE, J.—This cause was submitted upon a stipulation of facts, from which it appears that, on or about the 1st day of May, 1921, the appellee borrowed $500 from the appellant, and executed and delivered to the appellant his promissory note for said amount, and, to secure the payment thereof, delivered to the appellant, as collateral security, five bonds of the Farm Publishing Company, of the par value of $100 each. The said bonds were part of a series of a total of $51,000, executed by the Farm Publishing Company, all of which were secured by a trust deed of the property of the said Farm Publishing Company. Subsequently, the trustee brought an action to foreclose the said trust deed for the benefit of all of the bondholders, and in due time a decree was entered, directing the sale of the property of the said Farm Publishing Company that was security for said bonds under the said trust deed. A receiver was appointed to sell said property. The mortgaged property was appraised, and sold at receiver's sale. The appellant, acting for himself and certain other bondholders, bid for said property $2,500 more than the outstanding bonds, and delivered all of said bonds to the receiver, and paid said additional amount of $2,500 in cash. Prior to said sale, the appellant executed and delivered to the receiver a written instrument, authorizing the receiver to select a person to represent him and other bondholders in bidding for said property at said receiver's sale. In said written instrument the appellant described himself as being ''the owner'' of said bonds in question. After said sale, the receiver executed and delivered to the appellant, ''as a representative of said bondholders,'' all of the property sold under said foreclosure. The sale was subsequently approved by the court. Subsequently, the appellant and the other bondholders, but not including the appellee, took possession of said property, and have continued

to operate the business through one Talbot, as their agent; and at the time of the trial of this cause, it appeared that unpaid debts amounting to approximately $1,000 had been incurred in the operation of said business. The appellant did not consult the appellee in any manner with reference to the disposal of said bonds, nor did appellee have any notice of said sale, nor did he in any way give his consent thereto.

I. The first question involved here is whether or not, upon this state of facts, the court erred in finding that the appellant had been guilty of a conversion of the appellee's said bonds which were pledged as collateral security with the appellant. The appellant made no attempt to foreclose the pledge by proceeding in any manner as authorized by Chapter 524, Code of 1924. Without any notice whatever to appellee, he assumed to take control of the said bonds which had been pledged with him as collateral security for appellee's debt, and to exercise all the rights of an owner of said bonds. He surrendered them to the receiver appointed under the foreclosure of the trust deed, and placed the same wholly beyond the control of himself or the appellee. In the recent case of *Mulenix v. Fairfield Nat. Bank,* 203 Iowa 897, we said:

"Conversion is any distinct act of dominion or control wrongfully exerted over the chattels of another, in denial of his right thereto. *Brown v. Dubuque Altar Mfg. Co.,* 163 Iowa 343; *Lee v. Coon Rapids Nat. Bank,* 166 Iowa 242; *Peninsular Bank v. Citizens Nat. Bank,* 186 Iowa 418."

Under the stipulated facts of this case, it must be held, as a matter of law, that the appellant converted the bonds which had been pledged with him as security by appellee. He placed the same wholly beyond the dominion and control of either himself or the appellee.

It is contended in argument that the appellant did no more than change the form of security, and that appellee has a right to an undivided interest in the property which was purchased under the foreclosure sale. It is apparent that there is such a change in the character of the property pledged as to constitute a conversion. The appellee pledged with the appellant certain bonds which were transferable readily by delivery. These bonds have been disposed of by the appellant, and placed beyond the

possibility of being restored to the appellee. It is scarcely a sufficient answer to the claim of conversion to say that the appellee might, under proper proceedings, ratify the action of the appellant, and obtain an undivided one-seventh interest, in the nature of a partnership with other parties in a property and business against which there have already accumulated debts of about $1,000. The appellee's claim of a conversion of the pledged security was clearly established, under the stipulated facts. As bearing on the question, see, also, *Brown v. Dubuque Altar Mfg. Co.*, 163 Iowa 343; *Iowa Farm Credits Co. v. Peoples Sav. Bank*, 196 Iowa 967; *Whigham v. Fountain*, 132 Ga. 277 (63 S. E. 1115); *Meyer Bros. Drug Co. v. Matthews*, 69 Ark. 483 (64 S. W. 264); *German Sav. Bank v. Renshaw*, 78 Md. 475 (28 Atl. 281); *Allen v. Dubois*, 117 Mich. 115 (75 N. W. 443); *Upham v. Barbour*, 65 Minn. 364 (68 N. W. 42); *Woodworth v. Hascall*, 59 Neb. 124 (80 N. W. 483); *Glidden v. Mechanics' Nat. Bank*, 53 Ohio St. 588 (42 N. E. 995).

II. It is not necessary that the pledgor tender payment of the debt before pleading a conversion of the collateral by way of a counterclaim. The appellee was not seeking, in this action, to recover the specific property, but pleaded its conversion by the appellant, and sought to recover its value as damages. This he had a right to do, without tendering the amount of the debt for which the security was pledged. *First. Nat. Bank v. O'Connell*, 84 Iowa 377.

III. Appellant raises the question that the court erred in finding that the value of the bonds converted by the appellant was $500. This was the face value of the bonds. It is unquestionably true that, as a general rule, the value of the property at the date of the conversion is the true criterion of damages. *Robinson v. Hurley*, 11 Iowa 410. In *Mulenix v. Fairfield Nat. Bank*, supra, we said:

"The rule established in this state is that, in the absence of other evidence, the face value of negotiable instruments and other similar choses in action is prima-facie evidence of the value thereof. *Callanan v. Brown & Co.*, 31 Iowa 333; *Sickles v. Dallas Center Bank*, 81 Iowa 408; *Dean v. Nichols & Shepard Co.*, 95 Iowa 89; *Pelley v. Walker*, 79 Iowa 142; *Freeman v.*

*Strobehn,* 122 Iowa 157; *Hubbard v. State Life Ins. Co.,* 129 Iowa 13."

Whether or not the bonds in question were strictly negotiable in character, they were such choses in action that at least they were presumed to be of face value. Furthermore, it appears from the record that the appellant disposed of the bonds at their face value, and received property therefor which equaled or exceeded the face value of the bonds. Upon the entire record, we do not think that the court erred in finding that the value of the property converted by the appellant was the face value of the bonds. See *Haas v. Bank of Commerce,* 41 Neb. 754 (60 N. W. 85); *Clark v. Cullen* (Tenn. Ch. App.), 44 S. W. 204; *Walley v. Deseret Nat. Bank,* 14 Utah 305 (47 Pac. 147).

We find no error in the record requiring interference with the judgment of the district court, and it is, therefore,—*Affirmed.*

STEVENS, C. J., and ALBERT, KINDIG, and WAGNER, JJ., concur.