CHARLES B. HUBBARD v. THE STATE LIFE INSURANCE COMPANY of Indianapolis, Indiana, Appellant.

**Insurance:** AGREEMENT FOR POLICY: RESCISSION: RECOVERY OF PREMIUM AND INTEREST. An applicant for life insurance who delivered to an agent his note for the first premium with the understanding that he could recall the same if upon investigation he became dissatisfied with the proposed contract, can rescind the agreement and demand a return of the note; and in case of a disposal of the note by the agent before maturity, the applicant can recover of the company the face of the note with interest, although no provision for interest was contained in the note.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C. PLATT, Judge.

THURSDAY, NOVEMBER 16, 1905.

ACTION to recover damages for the conversion by defendant of a premium note given for life insurance.  Judgment on directed verdict for plaintiff.  Defendant appeals. *Affirmed.*

*Charles E. Coffin, Cook & Cook,* and *R. E. Leach,* for appellant.

*Charles E. Ransier* and *E. E. Hasner,* for appellee.

McCLAIN, J.— As the result of negotiations for a $20,-000 endowment policy in the defendant company, under a

special arrangement by which he was to have a commutation of seven years' premiums, plaintiff executed to one Crane, the agent of defendant, his promissory note for $956.20 for the first annual premium payment, accompanying an application for such a policy, which was to be issued by the company on the passing of a satisfactory medical examination, with the stipulation that, in the event the policy should not be issued, the amount of the premium was to be returned to the plaintiff. There was an issue between the parties, under the pleadings and the evidence, as to whether the agent made certain fraudulent representations, and whether the plaintiff asserted a right to rescind on account of such fraud, but we can satisfactorily dispose of the case on the issue raised as to whether there was a valid contract for insurance entered into between the parties, in pursuance of which the premium note was delivered to defendant's agent.

We have no doubt that a valid contract for insurance might be made in contemplation of the issuance of a policy in the future on such contingency as the parties might agree to, and that a premium note, executed and delivered in pursuance of such contract, even before the policy was issued or any binding contract of insurance was entered into, would be valid, and that the remedy of the person thus contracting for insurance and executing the premium note, in case the policy was not finally issued, would depend on the terms of such contract; but the question here is whether such a contract was made and the premium note was so delivered as to make it a binding obligation.

The evidence on behalf of plaintiff is to the effect that the agent to whom the application and note were delivered received them with the agreement and understanding that they were to be deposited in a bank until plaintiff " was satisfied that everything was right." There had been negotiations in which statements had been made by the agent as to insurance having been contracted for on the same plan by influential and prominent persons of plaintiff's acquaintance,

and the arrangement under which the application and note were to be deposited was evidently made in order to enable the plaintiff to ascertain whether these representations were true. Plaintiff ascertained within a very short time that the representations were not true, and demanded from the agent and from defendant the return of the note, which had not been deposited by the agent in the bank as agreed. But, whatever may have been the purpose of having the note deposited in the bank, the effect of the arrangement, according to the evidence on behalf of the plaintiff, was to leave it open to plaintiff to recall the note, if he was not satisfied with the proposed contract, and this he attempted to do. The evidence for plaintiff was in this respect wholly uncontradicted. It is argued that there was a question for the jury as to whether the alleged fraudulent representations were made by the agent and relied upon by plaintiff, but the conflict in the evidence on this point, if there can properly be said to be any conflict, had no relation to the issue as to whether the note was delivered to the defendant's agent in connection with a completed contract for insurance, or whether, on the other hand, the negotiations were still pending, with the right on the part of the plaintiff to withdraw therefrom and recall his note, if he saw fit to do so. The trial court was fully justified, therefore, in directing a verdict for plaintiff in reliance on this uncontradicted evidence. The direction of a verdict in behalf of plaintiff was not necessarily predicated on any attempt by plaintiff to rescind a binding contract already entered into. It was sufficient that he refused to enter into the proposed contract, and demanded the return of his note, which had been delivered in the course of negotiations for a contract which had not yet become binding on either party.

Some question is made as to the right of plaintiff to recover the full amount of the note, with interest thereon from its date, but it appears that the note was negotiated before maturity by the agent of defendant, to whom it was

made payable, and was an outstanding obligation of the plaintiff in the hands of an innocent holder. Under these circumstances there can be no doubt of plaintiff's right to recover by way of damages the face value of the outstanding obligation converted by defendant's agent to his own use; the authority of the agent to act for defendant, and full ratification of the acts of the agent on the part of defendant, being established by the evidence.

It is further urged that the judgment is excessive, in so far as it includes interest on the note from date to the rendition of judgment, it not appearing that the note provided for the payment of interest; but the court was justified in adding interest on the amount of plaintiff's damages from the time of conversion, regardless of whether the note provided for interest. Moreover, no complaint that the verdict was for an excessive amount was made in the trial court, and that question cannot now be raised on appeal.

The judgment is therefore *affirmed.*