WHEELER v. BUSINESS MEN'S ACC. ASS'N OF AMERICA.

(District Court, W. D. Missouri, W. D. February 9, 1918.)

No. 4616.

1. INSURANCE ☞445(2)—STATUTES—APPLICABILITY.

Rev. St. Mo. 1909, § 6945, declaring that, in all suits on life policies hereafter issued by any company doing business in the state to a citizen of the state, it shall be no defense that the insured committed suicide, unless he contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void, which is found in the article entitled "Life and Accident Insurance," is applicable to a policy issued by a Missouri corporation organized under the laws pertaining to life and accident insurance under the assessment plan, where the policy provided for a quarterly payment, called interchangeably "premium" and "assessment"; it appearing that the indemnity in case of death was fixed in amount, and that, while the dates for payments were subject to change, no departure from the fixed annual amount was contemplated.

2. INSURANCE ☞125(2)—WHAT LAW GOVERNS.

A resident of California forwarded to defendant, a Missouri corporation engaged in writing life and accident insurance, his application for insurance, and defendant issued the policy and forwarded it to the applicant. The application, which was made a part of the contract of insurance, declared that the policy must be acceptable or the payment would be returned, and that the applicant, upon receipt of the policy, should, if satisfactory, accept it, and, if not satisfactory, return it within three days. The policy further stipulated that it should not cover any injury, fatal or otherwise, sustained by the insured prior to his acceptance of the policy. Held, that the contract of insurance, the applicant having accepted the policy, was entered into in the state of California, acceptance being in that state, and hence governed by the laws of California, under which the stipulation of nonliability for suicide was valid, instead of the Missouri laws, making suicide a defense only if the insured at the time of his application contemplated self-destruction.

3. CONSTITUTIONAL LAW ☞206(4)—INSURANCE ☞445(2)—PRIVILEGES AND IMMUNITIES OF CITIZENS OF SEVERAL STATES.

Rev. St. Mo. § 6945, declaring that in all suits on life policies hereafter issued by any company doing business in the state, to a citizen of the state, it shall be no defense that the insured committed suicide, unless he contemplated suicide when he made his application, is not, though restricted to citizens of the state of Missouri, invalid with respect to the restriction on the ground that it abridged the privileges or immunities of citizens of the United States or denied equal protection of the law, for the statute does not impose any affirmative burden on citizens of other states from which it relieves its own, but merely restricts the freedom of contract of Missouri citizens with respect to life insurance. Held, further, that this statute in the instant case denies to plaintiff no privilege in the Missouri courts that would not be denied to her equally if she were a citizen and resident of Missouri.

At Law. Action by Isabelle Wheeler against the Business Men's Accident Association of America. Judgment for defendant.

Williams, Hunter & Guffin, of Kansas City, Mo., for plaintiff.
Gilmore & Brown, of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. Plaintiff, the widow of James Anson Wheeler, sues to recover the sum of $5,000 on an in-

demnity policy issued by the defendant association to her said husband, in which plaintiff was named as beneficiary. The plaintiff is a citizen and resident of the state of Texas, and the insured on the date of the issuance of the policy, the 24th day of June, 1916, was a citizen and resident of Los Angeles, Cal. The defendant is a Missouri corporation, organized as an assessment company under section 6950, R. S. Mo. 1909, and is located at Kansas City, Mo., within this division and district. September 12, 1916, less than three months after the issuance of the policy, the insured committed suicide. The policy of insurance specifically excludes recovery for suicide under any circumstances, and that is the ground of defense in this action. The case is tried upon an agreed statement of facts, in which it is stipulated that the policy was not procured in contemplation of suicide.

Section 6945 of the Revised Statutes of Missouri provides as follows:

"*Suicide No Defense, When.*—In all suits upon policies of insurance on life, hereafter issued by any company doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void."

Defendant, as an incident to its defense claims: (1) That defendant is incorporated under the laws of Missouri pertaining to life and accident insurance upon the assessment plan, and was, at the time the policy was issued, engaged in business upon that plan under and by virtue of a license issued by the insurance department of this state to so carry on its business, and therefore does not come within the purview of the statute prohibiting the defense of suicide. (2) That the contract is not a Missouri contract, but a California contract, governed by the laws of that state, in which the defense of suicide is permitted. (3) That the insured was not a citizen of Missouri, and therefore not within the prohibition of the statute in any event.

Plaintiff insists: (1) That the defendant company is in fact an old line company. (2) That the contract is a Missouri contract. (3) That the language in the statute which restricts the application of the section to a citizen of Missouri is in violation of section 2 of article 4 of the Constitution of the United States, and with section 1 of article 14 of the Amendments to the Constitution of the United States, providing that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

[1] The contract provides for a quarterly payment, called interchangeably "premium" and "assessment," of $6, on the 15th days of March, June, September, and December of each year, as required to keep the policy in continuous effect, beginning with September 15, 1916, "until notice is given the insured by the secretary of the association of a change in said time." I take it that this provision of the policy is intended to provide fixed quarterly payments; that the dates

on which these payments are made are subject to change, but departure from the fixed annual amount charged for the insurance is not contemplated. The indemnity for loss of life is fixed in amount, and I do not find that this company, with respect to the nature of its business, is excepted from the provisions of section 6945 of the Missouri Statutes, provided this policy is otherwise subject to such provisions. Elliott v. Des Moines Life Ins. Co., 163 Mo. 132–157, 63 S. W. 400; Logan v. Fidelity & Casualty Co., 146 Mo. 114, 47 S. W. 948; Williams v. Insurance Co., 189 Mo. 70, 87 S. W. 499.

[2] It appears that the insured forwarded from Los Angeles, Cal., to the defendant at Kansas City, Mo., by mail, his application for this insurance, accompanied by $8, the sum required by the defendant company to accompany the application, and that the defendant issued the policy in suit and forwarded it to the applicant at Los Angeles, Cal., accompanied by a letter congratulating him upon the protection that would be afforded by that policy. The application is annexed to and made a part of the contract of insurance. It is dated June 21, 1916, and at the top prominently appear these words:

"Your policy must be satisfactory or your payment will be returned."

Thereafter:

"Application for Membership in Business Men's Accident Association of America.

"I hereby apply for membership and insurance in the Business Men's Accident Association of America, to be based upon the following statement of facts. The policy issued on this application is to take effect when received and accepted by me.

"Q. 29. Do you agree that upon receipt of the policy issued, you will examine it and if satisfactory accept it, and that if not satisfactory you will return it to the association within three days, in order that the amount paid with this application may be returned to you? A. Yes."

In the body of the policy, to wit, section 2, article 13, this provision appears:

"This policy does not cover any injury, fatal or otherwise, sustained by the insured prior to the date of his acceptance of this policy."

Even though the shortest possible period of acceptance be presumed, that acceptance could not take place prior to receipt by the applicant. That receipt and acceptance were in the state of California. The final act which consummated the agreement by the assent of both parties took place in the latter state. Prior thereto there was no contract of insurance in effect. This contract, therefore, is clearly a contract of the state of California, and subject to the provisions of its laws. Equitable Life Assurance Co. v. Clements, 140 U. S. 226–232, 11 Sup. Ct. 822, 35 L. Ed. 497; Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788; Northwestern Mutual Life Insurance Co. v. McCue, 223 U. S. 234, 32 Sup. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57; Rogers v. Insurance Co., 41 Conn. 97; Hubbard v. Insurance Co., 129 Iowa, 13, 105 N. W. 332; Craven v. Insurance Co., 148 Mo. 600, 50 S. W. 519, 53 L. R. A. 305, 71 Am. St. Rep. 628.

[3] The foregoing, adduced by counsel, are but a few of the many confirmatory of the point ruled. It was practically conceded in argument that, if this is not a Missouri contract, then the defense of suicide in accordance with the express terms of the policy may be maintained. Therefore it would seem unnecessary to deal at length with the contention that the restriction of the statute is unconstitutional; nevertheless it is proper to add that I am of opinion that the section is constitutional as it stands, and that such is the conclusive construction of the courts of last resort. In Whitfield v. Ætna Life Insurance Company, 205 U. S. 489–495, 27 Sup. Ct. 578, 51 L. Ed. 895, this statute was considered and upheld. It is true that in that case this precise question did not arise. The validity of the statute was, perhaps, not attacked in terms, but it was urged to be in derogation of the common law, of doubtful public policy, and should be strictly construed. Mr. Justice Harlan, for the court, discusses the question upon broad grounds. He says:

"That the statute is a legitimate exertion of power by the state cannot be successfully disputed."

And further:

"It is the province of the state, by its Legislature, to adopt such a policy as it deems best, provided it does not, in so doing, come into conflict with the Constitution of the State or the Constitution of the United States. There is no such conflict here."

The adjudication made is at least strongly persuasive. But, in what is said to be its latest utterance upon this subject, the Supreme Court of Missouri has construed this statute in a case involving this identical question. I concur fully in the opinion in that case. Lukens v. International Life Ins. Co., 269 Mo. 574, and particularly pages 585 to 588, 191 S. W. 418. This citation is also pertinent upon the question of whether this is a Missouri or a California contract. It is, perhaps, unnecessary to emphasize the very great weight of this construction by the highest court of the state in which the statute in question was enacted.

But I think the Supreme Court of the United States, by its decision upon a closely analogous question, has still further adjudicated the constitutionality of this section in the particular in which it is assailed in the case at bar. In Chambers v. Baltimore & Ohio R. R. Co., 207 U. S. 142, loc. cit. 150, 151, 28 Sup. Ct. 34, 36 (52 L. Ed. 143), that court quotes the following from a Pennsylvania decision construing a Pennsylvania statute:

"And the right of action was not given to the person suffering the injury, since no man could sue for his own death, but to his widow or personal representative. It was not survivorship of the cause of action which the Legislature meant to provide for by this section, but the creation of an original cause of action in favor of a surviving widow or personal representative."

Mr. Justice Moody then says:

"It appears clearly, therefore, that the cause of action which the plaintiff sought to enforce was one created for her benefit and vested originally in her. She has not been denied access to the Ohio courts because she is not a citizen of that state, but because the cause of action which she presents is not

cognizable in those courts. She would have been denied hearing of the same cause for the same reason if she had been a citizen of Ohio. In excluding her cause of action from the courts the law of Ohio has not been influenced by her citizenship, which is regarded as immaterial. We are unable to see that in this case the plaintiff has been refused any right which the Constitution of the United States confers upon her."

This legislation of the state of Missouri does not deal with rights or immunities which are fundamental. In a sense it creates no rights at all. It imposes no affirmative burden upon the citizens of other states from which it relieves the citizens of its own state, such as taxation, unequally and inequitably imposed, would be. In effect it invades and restricts the freedom of contract of its own citizens, and its action in this respect is confined to the terms of the enactment, as is proper in the case of legislation in derogation of the common law and restrictive of the ultimate force and effect of contract provisions. The deceased was a citizen and resident of California. The plaintiff in this action is a citizen and resident of the state of Texas. Neither were in Missouri at the time this policy became effective, nor was the contract executed within this state as matter of law. The plaintiff is not denied access to the Missouri courts, and she is denied no privilege in those courts that would not be denied to her equally if she were a citizen and resident of Missouri. The defense invoked would be operative against all similarly situated irrespective of citizenship.

All courts naturally incline to any construction of the law which permits the payment of indemnities to beneficiaries in policies of insurance, but that inclination, however natural and commendable, must not be carried beyond legitimate boundaries. The conclusions I have reached necessarily result in a judgment for the defendant.