BRENTON NATIONAL BANK OF DES MOINES, As Conservator of Mabel Ross, Probate No. PR 17168–1088, Linn County, Iowa, Appellant,

v.

Donald M. ROSS and Cornelia C. Ross, Appellees.

No. 91–1740.

Court of Appeals of Iowa.

Sept. 29, 1992.

Timothy S. White and Allison M. Heffern of White & Johnson, P.C., Cedar Rapids, for appellant.

James M. Powers and Caroline D. Giddings of Hines, Pence, Day & Powers, Cedar Rapids, for appellees.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Mabel Ross was the owner of certain real property referred to as "Upper Ranch." Mabel provided in her will that Donald Ross had the option of purchasing Upper Ranch upon her death for $100,000. Don-

ald Ross is the son of Mabel Ross and is the husband of Cornelia Ross.

During her lifetime, however, Mabel sold Upper Ranch to Donald and Cornelia Ross. They paid $100,000 for the property. This transaction occurred on June 20, 1986. In addition, on November 13, 1987, Rosses sold some oak trees owned by Mabel along with their own trees.

In May 1988 Rosses sold Upper Ranch, together with an additional parcel of land for which they paid $100,000, to Midland Financial Corporation for a sum of $565,-000. Five months later a conservatorship was opened for Mabel. Donald Ross was appointed her conservator. In May 1989 Brenton Bank (Brenton) was named the successor conservator. In December 1989 Brenton alleged Rosses had taken unfair advantage of Mabel and used undue influence in purchasing Upper Ranch. Although Brenton claimed the property had a value between $1.1 million to $2 million, it demanded only $435,000 from the Rosses. A subsequent appraisal performed on behalf of Brenton assessed the value of Upper Ranch at $485,000.

In February 1990 Brenton, as conservator, filed a petition concerning the sale of Upper Ranch and the oak trees. Brenton claimed Mabel was deprived of the fair market value of the ranch property, which it alleged to be $500,000. Brenton sought to set the sale aside or receive damages in the amount of $500,000 based on Rosses' improper actions in inducing the sale at a reduced price. Brenton also sought damages for the conversion of Mabel's oak trees.

The case proceeded to trial. At the close of the evidence a directed verdict was entered in favor of Cornelia. The case went to the jury as to Donald. The jury returned its verdict awarding Brenton $185,-000 in damages on the ranch sale and $5750 in damages concerning the conversion of the oak trees. Following the verdict, Brenton filed a motion seeking prefiling interest as to both claims. The district court denied Brenton's motion and limited interest to the date on which Brenton filed its petition, which was February 21, 1990. Brenton

appeals. Mabel Ross passed away during the pendency of this appeal.

Our review of the district court's decision is at law. Iowa R.App.P. 4. The issue on appeal is from which date interest should run on the judgments. Brenton, as conservator for Mabel, contends it is entitled to prefiling interest beginning on the dates of the sale of the ranch and conversion of the trees. The basis of the appellant's argument is the damage was completed at a definite time prior to the jury verdict (i.e., the dates of the sale and conversion). Rosses argue interest begins on the date on which the case was filed and not earlier.

First we address the interest issue regarding the conversion of Mabel's oak trees. In an action for conversion, interest is usually allowed from the date of conversion. *F.S. Credit Corp. v. Shear Elevator, Inc.*, 377 N.W.2d 227, 235 (Iowa 1985) (citing *Hubbard v. State Life Ins. Co.*, 129 Iowa 13, 16, 105 N.W. 332, 333 (1905); *Cutter v. Fanning*, 2 Iowa 580, 590 (1856); *Production Credit Ass'n v. Nowatzski*, 90 Wis.2d 344, 280 N.W.2d 118, 123 (1979)). The facts of this case show Rosses sold the trees to a third party on November 13, 1987. This is the date on which Brenton argues conversion occurred. We agree with the appellant's argument. We reverse the district court on this issue and hold prefiling interest at a rate of five percent should be awarded on the $5725 judgment from November 13, 1987, to the date of filing, February 20, 1990.

Second we address the interest issue regarding the sale of Upper Ranch. Iowa Code section 535.3 provides:

Interest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year, unless a different rate is fixed by the contract on which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract, not exceeding the maximum applicable rate permitted by the provisions of section 535.2, which rate must be expressed in the judgment or decree. The interest shall accrue

from the date of the commencement of the action.

Iowa Code § 535.3 (1991). The general rule followed by Iowa courts is "interest [on a judgment] runs 'from the time money becomes due and payable.'" *Veach v. Farmers Ins. Co.*, 460 N.W.2d 845, 848 (Iowa 1990) (quoting *Woods v. Schmitt*, 439 N.W.2d 855, 870 (Iowa 1989)). In the case of unliquidated claims, as in this case, the money becomes due and payable on the date the damages become liquidated, which is usually the date of judgment. *Lemrick v. Grinnell Mut. Reinsurance Co.*, 263 N.W.2d 714, 720 (Iowa 1978) (citing *Thomas Truck & Caster Co. v. Buffalo Caster & Wheel Corp.*, 210 N.W.2d 532, 536 (Iowa 1973)); *Wetz v. Thorpe*, 215 N.W.2d 350, 357 (Iowa 1974) (court holding interest not recoverable on unliquidated claim until it has been reduced to a judgment). The Iowa courts, however, have recognized an exception to the unliquidated claims rule when the damage is complete at a specified time. *Lemrick*, 263 N.W.2d at 720; *see also Veach*, 460 N.W.2d at 848 (citing *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76, 83 (Iowa 1984)). In such a situation, interest runs from the time the damage is complete even though the damage has not been fixed in a specific sum. *Lemrick*, 263 N.W.2d at 720 (citing *Bridenstine v. Iowa City Elec. Ry.*, 181 Iowa 1124, 1135–36, 165 N.W. 435 (1917)).

■ Brenton's claim, however, does not appear to us to come within this exception. The damages were not complete at a particular time. Not only was the right to recovery contested, but a genuine dispute existed between the parties as to the amount of the appellant's damages. This dispute was not resolved until the jury rendered its final judgment. The record makes it clear the amount of damages was uncertain and a matter of genuine dispute. Even the appellant used different amounts to support its argument for damages.

Other courts have found "'when reasonable controversy exists concerning the claimant's right to recover or the amount of such recovery, the claim is unliquidated and prejudgment interest is not allowed.'"

*Craig v. Farmers Mut. Ins. Co.*, 239 Neb. 271, 476 N.W.2d 529, 535 (1991) (quoting *Lutheran Medical Ctr. v. City of Omaha*, 229 Neb. 802, 810, 429 N.W.2d 347, 352 (1988)); *see D'Huyvetter v. A.O. Smith Harvestore*, 164 Wis.2d 306, 475 N.W.2d 587 (App.1991) ("An award of prejudgment interest is inappropriate where there is a genuine dispute as to the amount of damages throughout the trial.") We determine the amount of damages was in controversy throughout the proceedings and remained undetermined until the jury rendered its verdict on July 30, 1991.

■ We also disagree with the appellant's argument this case falls within the "breach of fiduciary duty" exception stated in *In re Mount Pleasant Bank & Trust Co. In re Mount Pleasant Bank & Trust Co.*, 455 N.W.2d 680 (Iowa), *cert. denied, Boatmen's Nat'l Bank v. Carver*, —— U.S. ——, 111 S.Ct. 251, 112 L.Ed.2d 209 (1990). In that case the court held "[w]here there is a breach of fiduciary duty the aggrieved party is entitled to prejudgment five percent interest under section 535.2(1)(b) from the dates the funds were improperly diverted." *Id.* at 685 (citing *Midwest Management Corp.*, 353 N.W.2d at 81). In this case the district court presented the jury with five theories of liability with regard to Upper Ranch. There is no evidence the jury based its damages award on a breach of fiduciary duty. We conclude this case fails to fall within the "breach of fiduciary duty" exception.

We conclude the district court properly denied prefiling interest with regard to the sale of Upper Ranch. We affirm on this issue.

Costs on appeal are taxed one-half to the appellant and one-half to the appellee.

REVERSED IN PART; AFFIRMED IN PART.